JUDGE LINDSAY
delivered the opinion oe the court.
The appellant, John Kessler, and four other persons, were indicted in the same indictment. It is charged that said parties (except the appellant) each successively committed the crime of rape upon the person of a female above the age of twelve years named Albina Rhonick. The specific averment, in substance, is that they each (except appellant) successively, unlawfully, feloniously, and violently made an assault upon her, the said Albina Rhonick, and then and there each forcibly, and against her will and consent, ravished and had carnal knowledge of her.
*19 The specific charge against the appellant is that he was then and there present, and did aid, assist, and abet each of the said four persons in the commission of the several rapes alleged to have been committed by them severally.
He was convicted of the offense charged, and adjudged to be confined in the penitentiary for the term of fifteen years. He insists upon this appeal that the facts alleged against him do not constitute a felony, and that he can not be punished by confinement in the penitentiary.
By the rules of the common law “all who are present, aiding and assisting a man to commit a rape, are principal offenders in the second degree, whether they be men or women.” (1 Russ. 676.)
Bishop states the rule to be, “Where rape is a felony, and a fortiori where it is a misdemeanor, all persons present abetting the perpetrator may be deemed principal actors in the guilt.” (Bishop’s Grim. Law, vol. 2, sec. 948.)
But it is insisted that our statute on the subject abolishes the common-law crime of rape, and substitutes for it a crime purely statutory in its nature and characteristics.
The language of the statute is, “Whoever shall unlawfully carnally know a female of and above twelve years of age against her will or consent, or by force or while she is insensible, shall be guilty of rape.” (General Statutes, chapter 29, article 4, section 5.)
It seems to us that this statute, instead of abolishing or superseding the common law, expressly continues it in force.
The statutory definition of the crime is substantially the same with that given by the common-law writers, and we are unable to perceive any good reason for supposing that the legislature intended, by declaring what specific acts should constitute the crime of rape, to exonerate parties who should aid and abet the principal offender in its perpetration to escape punishment as principal offenders in the second degree.
*20 Tbe rule announced in the cases of Stamper (7 Bush, 612) and Bland (10 Bush; 622) has no application to a case of this character.
We conclude that appellant was properly indicted, and that the facts charged against him constituted a felony, and, if proved, authorized him to be punished in the same manner and to the same extent that the principal perpetrator of the crime of rape may be punished.
The record presents no error of the circuit court in the admission or exclusion of testimony; but two of the instructions given for the commonwealth are subject to objection.
By instruction No. 1 the jury were told that if they should believe, from the evidence, beyond a reasonable doubt that “ John Kessler and Frank Shoenlaub, or either of them, , . unlawfully and with force carnally knew Albina Rhonick against her will or consent . . . they should find them, or either of them so offending, guilty.”
John Kessler was not only not charged with having had carnal knowledge of Albina Rhonick against her will and consent, but the indictment upon its face negatives any such idea, and shows that if guilty at all of the alleged crime, it was as a principal in the second degree. The commonwealth having seen proper, as it had the right to do, to set out the specific acts constituting the offense charged against Kessler, it was bound to confine its proof to those acts, and the court could not instruct upon the hypothesis that he was possibly guilty as a principal in the first degree.
Whether, if indicted as principal in the first degree, upon proof of having aided and assisted the actual perpetrator or perpetrators of the crime, he might have been convicted as a principal in the second degree, as was sometimes done under the common-law practice, we do not decide; but we think it perfectly clear that he can not be indicted for the lesser degree of the offense, and upon that indictment be convicted of the greater.
*21 By the second instruction the jury were told that if they should find that Frank Shoenlaub, or any person or persons other than the appellant, at the time and place named ravished Albina Rhonick, and should further believe beyond a reasonable doubt that the appellant was present at the commission of such offense, aiding, advising, abetting, or consenting thereto, they should find him guilty.
This was error. It is plain that appellant can not be convicted unless he aided or assisted some one of the four persons named in the indictment as a principal offender; yet this instruction authorized his conviction if he aided any person or persons, whether named in the indictment or not.
For these errors the judgment must be reversed, and the cause remanded for a new trial upon principles consistent with this opinion.