## Wingfield v. Commonwealth.

(Decided January 19, 1923.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—Former Jeopardy.—A sufficient plea of former jeopardy must show that the charge formerly tried was the same charge now being tried, or some degree of it, and that the same criminal act was involved upon each trial. There must be identity both as to the offense charged and the criminal act committed.

2. Rape—Commission of Crime by Two Persons—First Trial Not Bar.—Two defendants were jointly indicted in two separate indictments; in one indictment W was charged as principal and E as aider and abettor, and in the other indictment E was charged as principal and W as aider and abettor. The evidence for the Commonwealth disclosed that they had each as principal committed the crime of rape upon the same night, but necessarily at different times, upon the same woman. W, on his separate trial, under indictment wherein he was charged as principal, was acquitted, but on his separate trial under the other indictment for aiding and abetting was convicted: Held, a separate crime was charged in each indictment against each of the defendants and the first trial was not a bar to a prosecution of the second one.

3. Rape—Separate and Distinct Offenses.—The act of committing the crime of rape in person is a separate and distinct offense from another act aiding and abetting another in the commission of a similar offense against the same woman, although the two acts were committed within a few minutes of each other and on the same night, at the same place. There was a separate and distinct violation and force set in motion in the commission of each of these acts, although committed within a short time of each other.

4. Criminal Law—Aider and Abettor—Trial.—An aider and abettor may be tried and convicted even though the principal actor is never apprehended or tried; but the Commonwealth must show on the

trial of the aider and abettor the guilt of the principal felon, and there must be a sufficient indictment against the principal.

W. B. EARLY and R. L. POPE for appellant.

CHAS. I. DAWSON, Attorney General, CHAS. W. LOGAN, Assistant Attorney General, TYE & SILER, STEVENS & STEELY and J. C. BYRD for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

At the January term, 1922, Whitley circuit court, two separate indictments were returned against appellant and one Clyde Earls, jointly, charging them with rape.

In one of them appellant was charged with the actual commission of the crime upon the person of Maude Richmond, and it was charged therein that Earls was then and there present unlawfully, willfully, feloniously and forcibly aiding, abetting and encouraging appellant in the commission of the crime.

In the other indictment it was charged that Earls actually committed the crime against the person of Maude Richmond, and that appellant was then and there present, unlawfully, willfully, feloniously and forcibly aiding, abetting and encouraging Earls in the commission of the crime.

At the same term of court appellant was placed on his separate trial under the first named indictment wherein he was charged with the actual commission of the crime, and wherein there was no charge against him of committing the same by aiding or abetting Earls, and a verdict of acquittal was returned upon which a judgment of not guilty was entered. Thereafter, at the May term, 1922, appellant was again placed on his separate trial under the last named indictment, wherein he was not charged with the actual commission of the crime himself, but was charged with aiding and abetting Earls in the commission thereof.

On his last trial he was found guilty and sentenced to imprisonment for ten years. He was denied a new trial by the lower court, and has appealed.

On the last trial he not only pleaded not guilty, but filed a written plea of former jeopardy and relied upon the first trial as a bar to the last. He filed with his plea the record and transcript of the evidence upon the former trial.

No demurrer was filed by the Commonwealth to the written plea of former jeopardy, but at the conclusion of the evidence for the Commonwealth the denfendant asked the court to instruct the jury peremptorily to find the defendant not guilty under his plea of former jeopardy, and this the court declined to do and required defendant to introduce his evidence. While it would have been better practice for the Commonwealth to have demurred to the plea of former jeopardy and raised the question in that way, it is apparent the direct question of the sufficiency of the plea was raised by the defendant's motion.

Counsel for appellant in their brief expressly waive all other questions, and rely for a reversal wholly upon the sufficiency of the defendant's plea of former jeopardy.

The evidence for the Commonwealth shows that in November, 1921, John L. Richmond, a young man about twenty-eight years of age, lived with his wife and two children and his aged mother at the former home of his father, who had died there about a month before, in a remote section of Whitley county; that the five of them slept in three beds all in the same room; that about midnight on the night before Thanksgiving Day some persons called him from the outside, and when Richmond got up and made a light and opened the door he was there confronted by two masked men with pistols presented at him. They required him to hold his hands up and entered the house and declared their purpose to be to get the money which they said they knew was there. It appears that about a month before Richmond's father had died and it was rumored in the neighborhood that he had several hundred dollars secreted about this house. They proceeded to search the house, while Richmond was required to stand with his hands up, and they more than once reiterated their purpose to find the money they said was there. Having searched for the money unsuccessfully for an hour or more, including the three beds in the room and the occupants thereof, they evidently concluded their venture should not be wholly barren of results, and they then forced the young wife of Richmond at the point of a pistol to leave her bed and go out into the yard with one of the men while the other held his pistol upon the husband and forcibly prevented his interference; then the two masked men changed places, and the one who had first gone out with the woman returned and guarded in like manner while the other went out with her. Each of them, according to the prosecuting

witness, Maude Richmond, had ·intercourse with her against her will under these circumstances, and John L. Richmond and his aged mother verify all these facts and circumstances except the actual rapes. which occurred outside of the room where they were so guarded.

The evidence on each of the trials was in the essential features the same.   The Commonwealth was permitted on the first trial to show by its witnesses not only the act alleged to have been committed by appellant in person and the acts of Earls in protecting appellant in its commission, but it was permitted to show the perpetration of a similar act upon the person of the same woman by Earls and the acts of appellant in protecting Earls while perpetrating the act.

Section 13 of the Constitution of Kentucky provides: "No person shall, for the same offense, be twice put in jeopardy of his life or limb," and under this provision it is the earnest contention of counsel that the constitutional rights of appellant have been invaded by placing him upon trial the second time, as above recited.

The fundamental error of counsel is in assuming that appellant upon the second trial was charged with the same offense, or a degree of the same offense, of which he was on the first trial acquitted.

Not only are the two indictments separate, but they charge against each of the defendants named in them separate and distinct offenses from that named in the other indictment. In one indictment appellant is charged with the perpetration of the act of rape upon the person of Maude Richmond—that is, that he in fact and in person committed that crime—while his co-defendant Earls, is charged with being present and aiding and abetting in the actual commission of the crime.   It charges an offense against each of them separate and distinct from any other offense theretofore or thereafter committed in person by Earls at which time, as is alleged in the second indictment, appellant aided and abetted Earls in the commission of a separate and distinct but similar offense.

The first trial, therefore, had to do with a crime jointly committed by them wherein appellant was principal and Earls was aider and abettor; while the second trial had to do only with a separate crime of the same nature committed by Earls, and in which appellant was the aider and abettor.

It is true the evidence on the two trials shows that the two separate and distinct offenses were committed on the

same night and only a few minutes apart, but the contention that they were in the same transaction is evidently, in our view, erroneous. It is one transaction when one man has intercourse with a woman, and another and distinct transaction when another man has such intercourse with her, even though it be upon the same night, at the same place and under the same circumstances.

Until the second trial appellant was never tried charged with any degree of the offense wherein Earls was charged with being the principal perpetrator.

But when he came to trial faced with the charge of aiding and abetting Earls in the commission of the crime of rape, he knew from the averments in the indictment that he was charged with a separate and distinct offense, that the Commonowealth charged not only that he, as recited in the first indictment, had been the principal perpetrator in the crime of rape, but that a distinct offense of the same character had been committed by Earls in which latter offense he was charged with aiding and abetting.

We, therefore, think it clear that appellant was indicted as the principal perpetrator of a crime in one indictment, and in the other as the aider and abettor of another who was the principal perpetrator of a similar but distinct crime.

It may be admitted, as argued, that as appellant has been tried and acquitted on the charge of actually perpetrating a rape upon the person of Maude Richmond, he could not thereafter be placed on trial for any degree of that same offense. But that is not what the Commonwealth has done; on the contrary, it has placed him on trial charged with aiding and abetting another in the commission of a separate and distinct offense of the same nature upon the person of Maude Richmond, shown to have been committed on the same night and about the same time.

A plea of former jeopardy to be sufficient must disclose not only that the evidence heard upon a former trial was substantially the same, but it must disclose that the charge formerly tried was the same charge now being tried, or some degree of it, and that the same criminal act was involved upon each trial. Price v. United States, 156 Fed. Rep. 950; Clem v. The State, 42 Ind. 420.

In Com. v. Roby, 12 Pick. 496, Chief Justice Shaw said:

"In considering the identity of the offense, it must appear by the plea that the offense charged in both cases was the same in law and in fact."

In United States v. Radenbush, 8 Pet. 288 (8 L. Ed. 948), the defendant was prosecuted for passing a counterfeit ten dollar bank note, and pleaded that the same note had been put in evidence at his former trial for passing another counterfeit ten dollar bank note. Chief Justice Marshall said:

"The plea does not show that he had ever been indicted for passing the same counterfeit bill, or that he had ever been put in jeopardy for the same offense."

In State v. Day, 5 Penn. (Del.) 101, 58 Atl. 946, the court says:

"The crime must be the same in fact . . . or must be necessarily included in the former."

In Miller v. State, 33 Ind. App. 509, 71 N. E. 248, the court says:

"When the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second."

In Hooper v. State, 30 Tex. App. 412, 28 Am. St. Rep. 926, 17 S. W. 1066, the court says:

"The proof must be made by showing the identity of the very acts or omissions which constitute the offense; that the acts . . . for which the former acquittal was had are the very acts which constitute the offense on trial."

In State v. Klugherz, 91 Minn. 406, 98 N. W. 99, 1 Ann. Cas. 307, the court said:

"A plea of former acquittal is sufficient whenever it shows on its face that the second indictment is based upon the same . . . criminal act which was the basis of the indictment upon which the defendant was acquitted."

It is apparent from what has been said that in this case, while there is identity of evidence shown, there is neither identity as to the offense charged or the criminal act committed.

On appellant's first trial all of the evidence, both of his alleged assault upon Maude Richmond and of the assault of Earls upon her, and of the participation of each of them in the assault made by the other, was admitted, not for the purpose of convicting appellant on that trial

of any other criminal act than that with which he was then charged, but solely because the two criminal acts involved were so closely connected in time, place, and circumstance, that it became necessary to introduce the evidence of the other crime in explaining and showing clearly to the jury the commission of the one then under investigation.

But it is argued by counsel that because the facts necessary to convict appellant on the second prosecution would necessarily have resulted in his conviction on the first trial, if they had been believed by the jury, then the first prosecution is a bar to this. Again counsel is in error in asuming that the same evidence which resulted in appellant's acquittal when charged with being the principal perpetrator of a rape upon the person of Maude Richmond, would necessarily result in his acquittal upon the other charge of aiding and abetting Earls to commit a rape upon the person of the same woman. It may be easily understood how a jury might have believed for some reason that appellant was not guilty of the actual crime with which he was charged as principal, and believe at the same time from the same evidence that Earls was guilty as principal and had actually committed the crime upon the person of Maude Richmond, and that appellant aided and assisted and protected Earls in the commission of that crime.

In this case there is no carving out of more than one offense from the commission of one act; here, as distinctly pointed out, the criminal acts in the two indictments and trials were essentially different acts.

Along the same line of reasoning it is argued by counsel that as under the provisions of section 1128, Kentucky Statutes, in all felonies accessories before the fact shall be liable to the same punishment as principals and may be prosecuted jointly or severally, it was the duty of the Commonwealth on the first trial to have submitted, under proper instruction, his guilt or innocence on that trial as an aider and abettor.

Manifestly that reasoning is faulty, on two grounds: First, because appellant was not charged in that indictment with being an aider and abettor of Earls; and, second, the question then under investigation did not embrace the separate and distinct crime alleged to have been committed by Earls as principal and appellant as aider and abettor.

The case of Mann, etc. v. Commonwealth, 118 Ky. 67, decides the precise principle which we have undertaken to state, but in a different class of crimes. Mann and Morris were there indicted for burglary, and the same grand jury returned an indictment against them for shooting and wounding in the commission of the burglary the man whose house they had burglarized. They were convicted under the indictment for the shooting, and when they were thereafter arraigned on the charge of burglary they pleaded the conviction under the indictment for the shooting in bar, and the court, after analyzing the evidence and quoting authorities, said (p. 73):

"Here there was a new volition on the part of the defendant, and a new force set in motion by him after the burglary was complete. If he cannot be prosecuted in separate indictments for the two offenses, it results that although he committed both, one beginning after the other was committed, and being the result of a separate volition as well as a new force, the constitutional provision forbidding his being twice punished for one offense will operate to shield him from punishment for a separate and independent offense simply because it was followed in close succession by another offense which he committed."

This record does not disclose whether Earls has ever been tried and convicted or acquitted on the charges contained in either of these indictments, and it is suggested by counsel that defendant cannot be convicted as aider and abettor under the last indictment, when the principal perpetrator of the crime therein charged has not been convicted.

A similar question was presented in the case of Tully v. Commonwealth, 11 Bush 158, and the later case of Mullingan v. Commonwealth, 84 Ky. 229, and it was held that in such circumstances, while it devolves upon the Commonwealth in the prosecution of the accessory, or aider and abettor to show the guilt of the principal felon before a conviction of the accessory can be had, and there must be an indictment containing such allegations as would make it good against the principal, when these things are done the accessory or the aider and abettor may be convicted even though the principal has never been brought to trial.

Surely it will not be argued in this case if Earls had fled and evaded arrest, or if he had died the day after the commission of the crime and could not, there-

fore, have ever been tried, that appellant as aider and abettor and principal in the second degree, under the charge contained in the last indictment, could never be brought to justice.

Judgment affirmed.

Whole court sitting.