## Commonwealth v. Caldwell.

(Decided February 10, 1928.)

### Appeal from Perry Circuit Court.

1. Criminal Law.—In criminal prosecution, where evidence of other crimes is admitted to show motive, it is proper to admonish jury as to purpose for which it should be considered.

2. Criminal Law.—In prosecution for willful murder, where defendant's acts in arming himself with pistols and making trips to his victim's home and shooting into the building showed defendant's state of feeling toward his victim and in reality constituted a single transaction leading up to and culminating in the victim's death, court erred in admonishing jury that nothing done on defendant's trips should be considered unless facts testified to throw some light on the killing.

3. Criminal Law.—In prosecution for willful murder, where instructions properly submitted question as to whether defendant killed his victim, court erred in instruction that jury must believe from evidence beyond reasonable doubt that defendant fired shot that took victim's life, since it in effect singled out testimony that witness saw flash from gun on mountain side at about time victim was killed.

4. Homicide.—In prosecution for willful murder, instruction that if defendant shot without legal excuse at person other than deceased, then defendant did not have malice toward deceased and killing was not murder, held prejudicial error, rule being that where one without legal justification endeavors to kill one person and unintentionally kills another, he is guilty of same offense as though he killed object of his intention.

J. W. CAMMACK, Attorney General, for appellant.

H. C. FAULKNER for appellee.

OPINION OF THE COURT BY JUDGE REES—Certifying the law.

The appellee, French Caldwell, was tried for the crime of willful murder at the November, 1927, term of the Perry circuit court, and the jury failed to arrive at a verdict. Conceiving that the trial court erred in admonishing the jury as to the purpose for which certain evidence should be considered and in giving instructions, the commonwealth has appealed asking that the law be certified.

In order that the questions propounded may be properly understood, a brief statement of the facts is necessary. The evidence introduced for the commonwealth was in substance as follows: William Hurt, brother-in-law of John Combs, was shot and killed at the latter's home about 6 o'clock on the evening of March 9, 1927. The appellee conducted a general merchandise store a short distance from the home of John Combs, and located near Combs' home was a building owned by him and referred to in the record as the shoe shop. During the afternoon of the day on which the killing occurred the appellee left his place of business and walked in the direction of Combs' home; he had three pistols, and when he reached the shoe shop he drew one pistol and shot a number of times into the building; he then took his pistol and broke the glass in the door of the building; he then turned to John Combs, who was standing near his home, and said to him, "I am going to kill you, you G— d— s— o— b—," and fired three shots toward the Combs house, one of the shots taking effect in a concrete well box near

which two of Combs' sons were standing. He returned to his place of business but within an hour or two he was observed riding a mule in the direction of the Combs house, and when he reached the shoe shop he drew his pistol and fired several shots. He dropped one of his pistols in the road and a short time thereafter returned, accompanied by his wife, and the latter picked up the pistol and the two returned to appellee's store. About 6 o'clock appellee was again seen approaching the Combs house, at which time Combs, three of his sons, and two brothers-in-law, including the deceased, four of whom were armed with shotguns, were standing on the front porch of the Combs house. Appellee fired two or more shots in the direction of the persons on the porch, one of the shots striking William Hurt and killing him almost instantly. After the appellee had fired two shots, the persons on the Combs porch who were armed with shotguns fired several shots at the appellee.

The appellee admitted that he made the first three trips to the Combs home testified to by the witnesses for the Commonwealth and that he fired several shots into the shoe shop, but testified that he did not go there with any such intention but became angry when he saw the shop because he had heard that Combs intended to move it to a point directly across the railroad from appellee's store. He testified that when the shooting occurred during which William Hurt was killed, he had gone to the home of Emmett Begley, a neighbor of John Combs, and had walked to the rear of Begley's home to ascertain if any one was at home, and, without any warning, he was fired upon by persons standing on the porch of John Combs' house; that three shots struck him in the leg, and as he fell he drew his gun and fired in the direction of the persons shooting at him. Some of the witnesses who testified for him stated that they heard the reports from the shotguns before the pistol was fired. One witness testified that during the time the shooting was in progress he saw the flash from a gun fired from a point on the mountain side opposite the home of John Combs. A number of witnesses introduced by the commonwealth testified as to what occurred on the three trips which appellee made to the Combs home prior to the fatal shooting. In each instance the court admonished the jury that none of the things done or said by Caldwell on any of these trips should be considered by them unless in their judgment the facts testified to tended to throw some light upon the killing of William Hurt. It is contended for the common-

wealth that the court erred in so admonishing the jury; and this contention is sound.

Where evidence of other crimes is admitted for the purpose of showing motive, it is proper to admonish the jury as to the purpose for which it should be considered, but the evidence in this case as to the conduct of the appellee during the several trips to the Combs home, tended to show appellee's state of feeling toward John Combs, and his acts on the various trips during the afternoon, considering their nature and the limited period of time within which they occurred, in reality constituted one transaction leading up to and culminating in the death of William Hurt.

In Childers v. Commonwealth, 161 Ky. 440, 171 S. W. 149, the defendant under an indictment charging her with the murder of her husband was found guilty of voluntary manslaughter. Various witnesses for the commonwealth related facts and circumstances tending to show that the defendant and her husband on a number of occasions prior to the homicide had serious quarrels resulting in assaults, the exchange of abusive language, and the making of violent threats. It was urged that this evidence was competent only for the purpose of showing a motive that may or may not have induced the accused to commit the crime and that the court erred in refusing to so admonish the jury. In holding that the trial court properly refused to give any admonition to the jury, this court said:

> "It is a general rule of the criminal law that where evidence of other offenses is competent, it is the duty of the court to admonish the jury, at the time of the introduction of the evidence, that it is only admitted for the purpose of showing, if it does show, a motive for the commission of the crime for which the accused is being tried; but when the evidence, as in this case, merely goes to show the state of feeling on the part of the accused towards the deceased that might have induced her to kill or aid in killing him, we do not think it was necessary to admonish the jury concerning the purpose for which it was admitted. There are a great many homicide cases in which the commonwealth for the purpose of showing malice or motive, introduces evidence of threats and other acts tending to show ill feeling or ill will on the part of the accused toward the deceased, and when the evidence is introduced for this

purpose, it is not required that the trial judge shall give any admonition to the jury. They have the right to hear it and receive it as other evidence, because its purpose is not to show the commission of another crime, but only to show the state of feeling existing between the accused and the deceased, or the influences operating on the mind of the accused."

It is also insisted that the trial court erred in giving the jury the fifth instruction, which is as follows:

"Gentlemen of the jury, the court says to you that you must believe from the evidence beyond a reasonable doubt that the defendant fired the shot that took the life of said William Hurt before you can convict the defendant either for willful murder or for manslaughter."

Instructions 2, 3 and 4 were the customary instructions on murder, voluntary manslaughter, and self-defense. Instructions 2 and 3 submitted to the jury the question as to whether or not the appellee killed William Hurt, and instruction No. 5 should not have been given. In effect it singled out and gave undue prominence to the testimony of the witness who testified that he saw the flash from a gun on the mountain side opposite the home of John Combs at about the time William Hurt was killed. Chilton v. Commonwealth, 170 Ky. 491, 186 S. W. 191, Ann. Cas. 1918B, 851.

At the conclusion of the argument of the attorney for the commonwealth and before the case was finally submitted to the jury, the court admonished the jury as follows:

"If the defendant, French Caldwell, shot without legal excuse at a person other than the deceased, William Hurt, then, in that event, the defendant did not have malice toward the deceased and the shooting and killing of Hurt was not murder, as argued to you by the commonwealth's attorney."

This was error prejudicial to the commonwealth. Where one without legal justification endeavors to kill one person and unintentionally kills another, he is guilty of the same offense as though he had killed the object of his intention. Shelton v. Commonwealth, 145 Ky. 543, 140 S. W. 670; Wheatley v. Commonwealth, 81 S. W. 687, 26 Ky. Law Rep. 436.

The foregoing is certified as the law of the case.