## Young v. Commonwealth.

(Decided May 4, 1928.)

### Appeal from Bell Circuit Court.

1.  Homicide.—Testimony that accused, about a month before the homicide, stated to witness that he threatened to have deceased killed or run out of country, held competent to show motive and state of accused's feelings toward deceased.

2.  Homicide.—Testimony of deceased's widow that on a number of occasions prior to the homicide she and deceased had altercations with accused, chiefly on account of accused's "vulgar talk" in her presence, and that she had a number of warrants issued for accused, held competent to show state of feelings between parties,

and fact that she did not testify as to exact language used by accused was not material or prejudicial to accused.

3. Criminal Law.—In prosecution for murder, resulting in conviction for manslaughter, as aider and abettor, testimony that accused's codefendant and deceased had a slight disagreement a few weeks before the homicide held competent to show state of feeling on part of principal toward deceased, without admonishing jury concerning purpose for which it was admitted.

4. Criminal Law.—Commonwealth is required to show guilt of principal before a conviction of aider and abettor can be had, and necessarily in a homicide case, in order to show killing to be unjustifiable any facts tending to show motive on part of principal or his state of feeling toward deceased are admissible on trial of the aider and abettor.

5 Homicide.—In prosecution for homicide as aider and abettor, evidence held sufficient to authorize submission of case to jury and to sustain verdict of manslaughter.

J. G. ROLLINS for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant was convicted of manslaughter under an indictment charging him and his son, Frank Young, with the murder of Ed Bingham. The indictment in the first count charged a conspiracy, and in the second count it charged alternately John Young and Frank Young as principal and the other as aider and abettor. The court in the instructions submitted to the jury all these phases of the case. Appellant's punishment was fixed at confinement in the penitentiary for a period of 2 years. His son and co-defendant had theretofore been tried and convicted of manslaughter, his punishment being fixed at confinement in the penitentiary for a period of 10 years. The judgment in his case was affirmed on appeal to this court in Young v. Commonwealth, 214 Ky. 475, 283 S. W. 431.

Appellant seeks a reversal of the judgment on the grounds that incompetent evidence was admitted over his objection; that the instructions are erroneous; and that the verdict is not supported by the evidence.

The evidence as to what occurred immediately before and after the shooting that resulted in the death of Bingham is substantially the same as that introduced at the trial of John Young, and, as the facts are fully set out in

the opinion in Young v. Commonwealth, supra, we will not incumber this opinion with a restatement of them here.

Malinda Bean, a witness for the commonwealth, testified that a month or so before the homicide the appellant delivered a load of coal to her, and in the course of a conversation told her he had had trouble with Ed Bingham and that he threatened to have Bingham killed or run out of the country. In relating what appellant said in regard to the trouble he had had, the witness sometimes quoted him as referring to the Binghams and sometimes to Ed Bingham, but it is clear from her testimony that his animus was directed towards the latter. This testimony was competent to show the state of appellant's feelings and to prove motive on his part. Commonwealth v. Caldwell, 223 Ky. 65, 2 S. W. (2d) 1055; Childers v. Commonwealth, 161 Ky. 440, 171 S. W. 149.

Lizzie Bingham, widow of Ed Bingham, testified that on a number of occasions prior to the homicide she and her husband had altercations with appellant, resulting chiefly from what she described as the use of vulgar talk in her presence by appellant, and that she had a number of warrants issued for appellant. The chief objection urged to her testimony is that she failed to give the exact language claimed by her to have been used in her presence by appellant and referred to by her as vulgar, and it is insisted that the court erred in refusing to exclude her testimony. The purpose of this testimony was to show the state of feeling existing between the parties, and the exact language used by appellant was not material. Whatever it may have been it was such as to create trouble between him and the deceased and led to his arrest on a warrant caused to be issued by deceased's wife. The jury could not have been misled to appellant's prejudice because the language claimed to have been used by appellant was not given by the witness, but was referred to by her as vulgar.

Matt Hoskins, a witness for the commonwealth, testified that appellant's codefendant, Frank Young, and Ed Bingham had a slight disagreement two or three weeks before the homicide, and it is insisted that this evidence was incompetent, or at least that the court should have admonished the jury as to the purpose for which it should be considered. Appellant was not convicted under the conspiracy charge, but as an aider and abettor,

and this evidence was competent to show the state of feeling on the part of the principal toward the deceased, and it was not necessary to admonish the jury concerning the purpose for which it was admitted. Commonwealth v. Caldwell, supra.

Where one is accused as an aider and abettor the commonwealth is required to show the guilt of the principal before a conviction of the aider and abettor can be had, and necessarily, in a homicide case, in order to show the killing to be unjustifiable, any facts tending to show motive on the part of the principal or his state of feelings towards the deceased are admissible on the trial of the aider and abettor. Anderson v. Commonwealth, 193 Ky. 663, 237 S. W. 45; Collins v. Commonwealth, 192 Ky. 412, 233 S. W. 896; Wingfield v. Commonwealth, 197 Ky. 331, 246 S. W. 822; Whitt v. Commonwelath, 221 Ky. 490, 298 S. W. 1101. It may be said, further, that the testimony of Hoskins was of slight importance and could have played no part in the conviction of appellant, and even if erroneous could not be held to be prejudicial.

Some minor objections are made to the wording of the instructions and particularly of the instruction on reasonable doubt. The instructions given, including that on reasonable doubt, are literal copies, save for the names of the parties, of the instructions directed to be given in Gambrell v. Commonwealth, 130 Ky. 513, 113 S. W. 476, and were proper.

There is evidence tending to show a state of bad feeling between the appellant and the deceased and that a few weeks before the homicide appellant had threatened to have Ed Bingham killed; that a short time before the shooting that resulted in the latter's death the appellant and his son, Frank Young, left the home of Sam Ridley, walked past the home of deceased to appellant's home, procured a shotgun, returned to deceased's house, and, without any words passing, Frank Young fired the fatal shot. Within a minute after the shooting occurred appellant was seen with a shotgun and in the act of loading or reloading it. The killing occurred in a thickly settled community, and 17 witnesses testified that only one shot was fired and that from a shotgun. Twelve of these witnesses were unrelated to any of the parties and so far as the record discloses were disinterested. Appellant and other members of his family testified that immediately before the shotgun fired some one fired a pistol.

Appellant and his son claim the pistol was fired by Ed Bingham, who was shooting at Frank Young.

The evidence for the commonwealth tended to show the killing was unjustifiable and that appellant was present aiding and assisting the principal. There was ample evidence to authorize a submission of the case to the jury and to sustain the verdict.

Judgment affirmed.