## Shivley v. Commonwealth.

(Decided December 18, 1928.)

KEOWN & GILMORE and BARNES & SMITH for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Elbert Shivley was convicted of a crime and condemned to confinement in the penitentiary for a term of eight years. He is in this court complaining of the conviction on the grounds that the indictment was subject to demurrer for duplicity, that the evidence was permitted to take too wide a range, embracing proof of other offenses committed successively on the same night, and that the instructions were erroneous and inadequate.

The indictment accused the appellant and three named associates, each and jointly, while acting together, the one with the other, each aiding, abetting, assisting, counseling, and advising the other, of the crime of rape upon the body of a female over the age of 12 years. The descriptive part of the indictment set forth that the four defendants, naming them, while acting jointly the one with the other, in the county of Ohio and state of Kentucky, on a fixed date before the finding of the indictment, did unlawfully, feloniously, and with force and arms make a violent assault upon Ethel Lee Ferguson, and did then and there, forcibly, against the will and consent of said Ethel Lee Ferguson, unlawfully and feloniously rape, ravish, and carnally know said Ethel Lee Ferguson, a woman over the age of 12 years and under the age of 18 years, the said defendant, Elbert Shivley, being at the time over the age of 21 years, and the other three defendants named each being under the age of 21 years. It is insisted that four distinct and separate overt acts are charged. The argument is that the indictment accused Shivley of rape, committed by himself with the aid of

his associates, and at the same time accused him of aiding and abetting each of his three confederates in committing successively a similar offense. It is said that the particular crime of which defendants were accused consisted of a single act of a nature necessarily confined to one man at a time, and that the perpetrators must be understood to have committed four distinct crimes by successive separate individual overt acts. It is also urged that the crime charged by the indictment against the appellant was a felony, whilst that of his associates was a misdemeanor on account of their minority. It is thought by appellant that the indictment violates section 126 of the Criminal Code, which requires that an indictment shall state but a single offense, although it may have been committed in different modes and by different means. Commonwealth v. Hargis, 124 Ky. 356, 99 S. W. 348, 30 Ky. Law Rep. 510.

It is plainly pointed out in the case cited that an indictment, although limited, with certain exceptions, to a single crime, may be so drawn as to describe the offense charged in as many different ways as may be necessary to meet the exigencies of the case, keeping in mind the purpose to advise the accused of the crime with which he is charged and which he must be prepared to meet. In Kessler v. Commonwealth, 12 Bush 18, Kessler and four other persons were indicted for the crime of rape. The charge in the indictment was that each of the associates of Kessler had successively committed the offense, and that Kessler was present aiding, abetting, and assisting each of the four persons in the commission of the several rapes alleged to have been committed by them severally. He was convicted and on appeal it was held that the judgment was proper. In Clymer v. Commonwealth, 64 S. W. 409, 23 Ky. Law Rep. 1041, appellant was convicted on an indictment accusing him and three others of the crime of rape, each committing it, and each aiding the others, practically the same as was done in the present indictment. The court referred to Kessler v. Commonwealth, supra, and Stevens v. Commonwealth, 45 S. W. 76, 20 Ky. Law Rep. 48, but noted certain distinctions in the facts of the three cases. Passing the direct questions raised by the ruling on demurrer, it was held, in any event, to be nonprejudicial. The reasoning proceeded on the theory that, if two offenses were charged in the indictment, the commonwealth was at liberty to elect which of the offenses charged it would

prosecute, and that a practical election had resulted when the instructions limited the charge against appellant to a single offense. In Bard v. Commonwealth, 217 Ky. 479, 290 S. W. 237, the indictment charged Bard with the crime of rape, both as principal and as aider and abettor of others named in the indictment, who were also charged with having committed the same offense, both as principals and abettors. The court held that a single crime was charged and that the demurrer to the indictment was properly overruled. In Fleming v. Commonwealth, 217 Ky. 485, 290 S. W. 339, the indictment charged each of several defendants with the crime of rape, and that each of them was present aiding and assisting the others in committing the offense. It was held that the indictment did not charge two offenses.

It may not be doubted that, so far as appellant is concerned, the indictment charges him with the crime of rape, committed by himself and by aiding the others, and it is sufficient to sustain the conviction. We are unable to see how he can complain of the fact that the crime as to his associates was only a misdemeanor on account of their youth, when he was not convicted of aiding them, but only for his own offense. The crime was of the same character, and consisted of similar unlawful acts, although the punishment provided for such crime differs, depending upon the age of the accused. If appellant had been convicted of aiding and abetting one of the minors in the commission of the crime, a different question, of course, would be presented. We think the indictment charges but one crime—that of rape upon the person of the victim, committed in the manner mentioned. Ratliff v. Commonwealth, 182 Ky. 247, 206 S. W. 497; Fox v. Commonwealth, 202 Ky. 41, 258 S. W. 950.

In Wingfield v. Commonwealth, 197 Ky. 331, 246 S. W. 822, a plea of former jeopardy was interposed. The indictment was against two persons, charging one of them with rape and the other with aiding and abetting. Another indictment, returned at the same time, was exactly like the first, except that the one charged as principal in the first case was charged as aider and abettor in the second, and the one named as aider and abettor in the first was designated as principal in the second indictment. Appellant was first tried and acquitted on the indictment in which he was named as principal, with his associate aiding and abetting. There was no charge in the first indictment that his associate committed the

offense and that he aided and abetted therein, but the charge was that he committed the offense with the associate aiding and abetting. Wingfield was then tried on the other indictment, wherein he was charged alone as aider and abettor, and he was convicted. The court held that the acquittal was not a bar to the other prosecution. It was said that aiding and abetting another to commit a crime was separate and distinct from committing the crime himself. It was conceded in the opinion that, if appellant had been acquitted on an indictment charging him as principal and as an aider and abettor to another, it would have protected him against further prosecution for the same crime, either as principal or as aider and abettor, or for any degree of the same offense included in the first indictment. The fact that there may be different degrees of the offense charged does not make an indictment duplicitous. Criminal Code, sec. 262; Fenston v. Com., 82 Ky. 549; Forriston v. Com., 7 Ky. Law Rep. 55; Commonwealth v. Lawson, 165 Ky. 4, 176 S. W. 359. The indictment in this case charged a single offense of rape committed by the appellant, with the others named aiding and abetting him. He was convicted of an offense which was included in the one charged in the indictment. Criminal Code, sec. 263; Young v. Com., 96 Ky. 573, 29 S. W. 439, 16 Ky. Law Rep. 496. The court committed no error in disallowing the demurrer to the indictment.

■ Appellant complains that the evidence admitted against him was allowed to take too wide a range, and that the commonwealth should have been confined to the first act of intercourse with the victim that occurred on the night in question. The court permitted the commonwealth to prove by the prosecuting witness that the appellant and three other men took her in an automobile and kept her out all' night, each of them repeatedly mistreating her. Elbert Shivley was the owner of the car, and the prosecuting witness says he agreed to take her to Owensboro, where she desired to go. Instead of taking her to Owensboro, as agreed, she was taken out in the country and compelled to drink intoxicating beverages. She testified that Asa Hill first committed an offense against her person, followed successively by Avery Hill, the appellant, Shivley, and Willie Jones. The act was repeated several times by each of the defendants. The series of crimes was so connected and continuous that it could scarcely be related in part, or otherwise than was done. The defendant did not object to the testimony

of the girl, and very little evidence was admitted over his objection. The testimony of Asa Hill and Avery Hill was introduced by the appellant himself. Appellant denied that he had intercourse with the girl. The effect of his defense was that his three codefendants, with the consent of the prosecuting witness, committed the crime, and that he was merely a hired chauffeur for them during the night of debauchery. But the defense was not sustained by the evidence, and the jury was justified by the facts shown in finding the appellant guilty as charged. The commonwealth was not required to confine its testimony to any single part of the transaction, but was justified in proving everything that occurred, from the time that the four defendants took charge of the wandering young woman and placed her in appellant's automobile until the termination of the whole execrable excursion. Roberson, New Ky. Criminal Law & Procedure (2d Ed.), sec. 562, note 1.

■ The criticism of the instructions is without merit. The first instruction was based on section 1154, Ky. Stats., and conformed to the approved requirements of an instruction submitting the issue of rape. The second instruction was based on section 1155, subsection 3, Ky. Stats. Supp. 1928, and properly submitted the issue of unlawful carnal knowledge by a man over 21 years of age of a girl under 18 years of age, as applied to the facts in issue in the present prosecution. The third instruction defined reasonable doubt, and directed the jury to find the defendant guilty of the lesser crime, if they had a reasonable doubt of the degree of offense committed. It is said there was no evidence to authorize instruction No. 1, but the prosecuting witness testified to facts which required that instruction to be given. It is said that the second instruction was erroneous in assuming that defendant was guilty, if at all, of a felony, when the evidence warranted a finding that he was guilty only of a misdemeanor in aiding and abetting his codefendants, who were under 21 years of age, and, therefore, punishable only by a fine. The instructions did not assume appellant's guilt of a felony, but left that question for the jury to determine, as they should do. The instructions to the jury did not permit appellant to be convicted for anything done by his codefendants, and no instruction on aiding and abetting the other defendants was given. We perceive no error in the instructions given. But it is said that an additional instruction should

754

have been given to the effect that the other unlawful acts committed by the accused before or after the date of the act about which substantive evidence was first heard on the trial, was admissible only as corroborative testimony, if it had that effect, and that defendant could be convicted only in the event the unlawful act, about which substantive evidence was first heard, was committed by him. The principles contended for have been applied in a certain type of case wholly unlike the present one, but have no pertinency in a case of the character now under consideration. McCreary v. Commonwealth, 163 Ky. 206, 173 S. W. 351; Newsom v. Commonwealth, 145 Ky. 627, 140 S. W. 1042; Earl v. Commonwealth, 202 Ky. 726, 261 S. W. 239.

What happened on the night in question was in effect but a single transaction, and, although continued for several hours, the events were not so separated in time or type as to call for any special explanation or limitation. Stevens v. Com., 45 S. W. 76, 20 Ky. Law Rep. 48. According to the evidence, both for the commonwealth and the appellant, a young girl was taken into an automobile by four men, and kept out all night on an orgy of sensuality, in which all participated. The appellant, a man 40 years of age, was convicted of carnally knowing a girl under 18 years of age, and, while he denies his guilt, the testimony of the witnesses and the verdict of the jury remove that question from the domain of doubt. Under the facts appearing, we are unable to see that any action of the court prejudiced the substantial rights of the appellant.

The judgment is affirmed.