## Browder v. Commonwealth.

(Decided January 21, 1930.)

BECKHAM A. ROBERTSON for appellant.

J. W. CAMMACK, Attorney General, S. H. BROWN, Assistant Attorney General, GLOVER H. CARY and WILBER K. MILLER for the Commonwealth.

OPINION OF THE COURT BY COMMISSIONER HOBSON— —Affirming.

Carl Browder was indicted in the Daviess circuit court for the malicious shooting and wounding of Hays Bratcher with intent to kill. On the trial of the case he was found guilty, and his punishment was fixed at five years' imprisonment. He appeals.

On January 9, 1929, about 3:00 p. m., two bandits, a man and a woman, entered the Farmers' Bank of West Louisville, in Daviess county, and held up the cashier and his son, who were the only persons in the bank, with a machine gun in the hands of one and a pistol in hands of the other. They robbed the bank, then ordered the cashier and his son to go on the outside, turn to the left and walk away. As they stepped out on the street, two boys came out of a store on the opposite side of the street. The man with the machine gun said to them, "Get on the inside," and then shot toward them. This shot attracted the attention of a number of men farther away in a garage, and as the men came out of the garage the man holding the machine gun turned it on them, firing 20 or 30 shots, one of which struck Hays Bratcher, seriously wounding him. The bandits then got in their car

and escaped. They were afterwards arrested, and Carl Browder, who, as proved, was the man with the machine gun, was on the trial convicted as above stated.

It is earnestly insisted on the appeal that the court erred in overruling his motion for a continuance. The facts in this matter are practically the same as in the case of Carl Browder v. Commonwealth, 232 Ky. 206, which was an indictment for robbing the bank. In that opinion the reasons for the conclusion that the motion for a continuance was properly overruled are fully set out, and need not be repeated here, and, the facts being the same, the same conclusion must follow here.

It is earnestly insisted that the court erred on the trial in allowing evidence as to what had taken place in the bank before the bandits came out on the street. But it was in substance one transaction. The shooting on the street was done to frighten the crowd away, so that the bandits could make their escape in the car with the money they had taken from the bank. The shooting grew out of the robbery of the bank, and what happened on the street could not properly be understood without proof of the circumstances under which the shooting was done. The evidence was therefore properly admitted. Shively v. Com., 227 Ky. 753, 14 S. W. (2d) 205.

When they were impaneling the jury, three men were challenged for cause by the defendant, for the reason that they had served on the petit jury in the Ohio circuit court within the past 12 months. Section 281 of the Criminal Code provides that the decisions of the court upon challenges for cause shall not be subject to exceptions. This matter, therefore, cannot be reviewed upon appeal. Marcum v. Com., 201 Ky. 527, 257 S. W. 714; Smith v. Com., 204 Ky. 435, 264 S. W. 1059, and cases cited.

The verdict of the jury is not against the evidence. On the contrary, it is fully sustained by the evidence.

Lastly, it is insisted that the court erred in overruling the defendant's objection to the argument of the commonwealth attorney when he said this:

"How this boy drove over this town like the bandit he was, and after robbing the bank of the money shot this man down—if that did not happen, gentlemen of the jury, and if he did not do that, why didn't somebody come here and say that he did not?"

The defendant had not testified on the trial, and it is insisted that this was in effect an allusion to the fact that the defendant had not testified. But the fact is that the proof showed that there were a number of people on the street who saw the transaction, and a number of other people who later saw the bandits in this car, or after they left it; many of these testified for the state, identifying appellant. The case presented simply a question of personal identity. It was insisted for the defendant that he was not the person, but was elsewhere. What the commonwealth attorney said was not an allusion to his not testifying, but to the fact that none of the people who had seen him at the time or afterwards had contradicted the testimony of the witnesses whom the commonwealth had introduced, and by whom the defendant had been identified. In Miller v. Com., 182 Ky. 438, 206 S. W. 630, where a similar remark of the commonwealth attorney was complained of, it was held that the determining factor is whether the indirect reference was such as was reasonably liable to have directed the jury's attention to the failure of the defendant to testify, or was so remote as not reasonably liable to have had such effect. The case seems to fall within the latter class. By the Code (Code Cr. Prac. sec. 353), no judgment of conviction may be reversed, unless for an error prejudicial to the substantial rights of the defendant on the whole case. This rule is peculiarly applicable to complaints about what the commonwealth attorney may say in concluding arguments; for he is often replying to what the defendant's attorney said during the trial. On the whole case, no error to the prejudice of the defendant's substantial rights appears.

Judgment affirmed.