**Raymond BRYANT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 25, 1955.

Weldon Shouse, George E. Barker, Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Chief Justice.

Raymond Bryant, Charles Wilhoit and Edgar Lay were indicted by the Fayette County grand jury during the June term of 1953 on a charge of forcibly robbing Stanley Plowman and Clifford Wardle of $200 and $9, respectively. On October 13, 1953, at a separate trial, Bryant was found guilty and his punishment fixed at confinement in the penitentiary for a period of two years. See KRS 433.120(1). He has appealed from the judgment entered, maintaining the evidence was not sufficient to sustain a conviction for the alleged crime and, in addition, he was entitled to a directed verdict because the testimony of Lay, an accomplice, was not corroborated as required by Section 241 of the Criminal Code of Practice. We believe the last contention is determinative of this appeal.

The Commonwealth established that on Saturday, March 29, 1953, at approximately midnight, Plowman and Wardle were approaching their trucks in the Kroger Super Market parking lot at Short Street and Broadway in Lexington when they were

suddenly attacked. Plowman testified that as he drew near his truck, some unknown person struck him on the head, knocking him unconscious, and then robbed him of $200 he was carrying in his billfold. He did not regain his faculties until the following Monday. He never recognized the person who assaulted him.

Wardle testified that as he and Plowman came to their vehicles, he heard his companion shout, " 'Lookout!' " Then he added: "And about that time they hit me." Wardle was somewhat stunned by the blow and fell to the ground, but he did not lose consciousness and a moment later he got back up. Although he insisted he knew the one who struck him, he was unable to ever identify him in any manner and, what in this respect is significant, during the trial he named as his assailant Wilhoit, who was not then in the courtroom, instead of appellant, Bryant, who at the time sat facing him at the counsel table beside his attorney. Wardle said that his billfold containing $9 was taken and later returned to him by the police. The money was missing and he never located it.

Lay, who was jointly indicted along with Bryant and Wilhoit, testified that on the night in question, he and Wilhoit became engaged in a fight with Plowman and Wardle, because the latter had blackguarded a woman they were escorting, and that Bryant later joined the melee, jumping on Wardle. Lay indicated he was not sure whether Bryant struck Plowman but he did say that Bryant was standing next to Plowman at the finish.

At the close of the above-mentioned testimony, Bryant made a motion for a directed verdict. This motion having been overruled, he then declined to present any evidence.

We now turn our attention to the question as to whether the conviction will stand under the foregoing Code section, unless the testimony of the accomplice, Lay, which placed appellant at the scene of the alleged crime, is corroborated by other evidence tending to connect him with the commission of the offense.

■ In Cook v. Commonwealth, Ky., 273 S.W.2d 390, 392, we laid down this principle: " 'Corroboration of an accomplice' requires evidence other than, and independent of, the testimony of the accomplice, which tends to establish the existence of some fact which actually connects the accused with the commission of the offense charged in the indictment, and unless there is other evidence of that character in addition to the testimony of the accomplice, then there is no corroboration and the defendant is entitled to a peremptory instruction. Schleeter v. Commonwealth, 218 Ky. 72, 290 S.W. 1075."

■ It is apparent from the record that only the testimony of Lay, the accomplice, implicates Bryant with the offense charged against him, or, to state it differently, if we eliminate Lay's evidence, there is no proof whatsoever upon which to rest the conviction. See Means v. Commonwealth, 238 Ky. 366, 38 S.W.2d 193; Crouch v. Commonwealth, 201 Ky. 460, 257 S.W. 20. It follows Bryant's conviction does not meet the requirements of Section 241 of the Criminal Code of Practice and the lower court committed a reversible error when it refused to instruct the jury to find for Bryant at the conclusion of the Commonwealth's evidence.

■ As this cause must be remanded for a new trial, we believe we should point out an error in "Instruction No. 1." The instruction authorized Bryant's conviction as an aider and abettor of "the said Wilhoit." There is no other reference to Wilhoit any place in the instruction. Where one is accused as an aider and abettor the Commonwealth is required to show the guilt of the principal before a conviction of the aider and abettor can be had. The failure to provide this in the instruction was prejudicial error. Young v. Commonwealth, 224 Ky. 334, 6 S.W.2d 269.

Wherefore, the judgment is reversed with directions that it be set aside and if, upon another trial, the evidence in substance is the same, the court will direct the jury to find defendant not guilty.