88   301
119  744

CASE 50—INDICTMENT—FEBRUARY 28.

# Hennessy v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

INDICTMENT—VARIANCE.—Under an indictment for obtaining money under false pretenses it is not material whether the money thus obtained belonged to the person alleged in the indictment to be the owner of it.

A. J. SPECKERT FOR APPELLANT.

An indictment for obtaining money under false pretenses must allege ownership in the person from whom it is obtained; and if that person be a married woman, there can be no conviction, as she can not hold and own the money, her possession and ownership being that of her husband. (3 Chitty's Crim. Law, 998; 2 Roscoe's Crim. Ev., 675, 865; Sill v. Regina, 16 English L. & E., 375; Thompson v. People, 24 Ill., 60; Ladd v. State, 17 Florida, 215; State v. Lathrop, 15 Vt., 279; State v. Smith, 8 Blackf., 489; Commonwealth v. Van Tuly, 2 Met., 4; 2 Wharton's Crim. Law, sec. 1827; 2 Russell on Crimes, p. 88; 2 East's P. C., 652; McBride v. Commonwealth, 13 Bush, 337.)

P. W. HARDIN FOR APPELLEE.

In an indictment for obtaining money by false pretenses, it is not necessary to allege, nor is it necessary to prove, that the person from whom it is obtained is the owner. (Crim. Code, sec. 128; Commonwealth v. Van Tully, 1 Met. 1; Gen. St., chap. 29, art. 13, sec. 2; 2 vol. Wharton's Crim. Law, secs. 2139, 2160; Crim. Code, sec. 340; Rutherford v. Commonwealth, 78 Ky., 639; McBride v. Commonwealth, 13 Bush, 337.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried and convicted of the crime of obtaining fifteen dollars in money from Bettie Cook by false pretenses. The manner of obtaining said money was as follows: Barbara Yutyi, mother of Bettie Cook, had instructed him to get fifteen dollars

from said Bettie, for the purpose of buying offal at the pork-house in the city of Louisville; that upon said representation said Bettie let him have said money, which representation was false, etc. It was developed on the trial that Mrs. Bettie Cook was a married woman, and had no separate estate. Therefore, it was contended as her husband was the owner of the fifteen dollars by virtue of the marital relation, the variance between the allegations in the indictment and the proof was fatal.

Section 128, Criminal Code, provides: "If an offense involve the commission of, or an attempt to commit, an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, or as to the owner of the property taken or injured, or attempted to be injured, is not material."

Here the indictment describes specifically the property obtained by the false pretense, and that it was not the property of the accused. Therefore, whether or not it belonged to Mrs. Cook or her husband, it having been obtained from her by false pretenses, is wholly immaterial.

The judgment is affirmed.