## Hayes v. Commonwealth.

(Decided January 12, 1917.)

### Appeal from Mason Circuit Court.

1. Indictment and Information—False Pretenses—Sufficiency of Indictment For.—In an indictment for obtaining money by false pretenses, which gives the name of the person to whom the false pretenses were made, and from whom the money is obtained, is not bad on demurrer, because it fails to specifically allege that such person was the owner of the money, as the allegation so identifies the act, that it gives notice to the party indicted of the exact act for which he was indicted, and is a bar to a second conviction for the same offense.

2. **Indictment and Information—Construction.—**In an indictment, the words used must be construed according to their usual accepta-tion, in common language, except words and phrases defined by law, and a charge, that one obtained "the sum of $2.50" by false pretenses, has no other meaning, except dollars and cents, as indicated by the figures, in the lawful money of the country.

3. **Criminal Law—Motion in Arrest of Judgment.—**The only ground for a motion in arrest of judgment in a criminal prosecution is that the indictment does not state a public offense, within the juris-diction of the court, in which the prosecution is pending.

ALLAN D. COLE and H. W. COLE for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, Fred Hays, was indicted by the grand jury of the Mason Circuit Court, and charged with the crime of obtaining money by false pretenses. A trial resulted in his conviction and a judgment by the court that he was guilty of the crime charged. His motion for a new trial was overruled, and upon appeal from the judgment to this court, he insists that the judgment ought to be reversed, because, as he contends, the court erred to the prejudice of his substantial rights by over-ruling his demurrer to the sufficiency of the indict-ment; by overruling his motion to direct a verdict in his behalf; by misinstructing the jury; and by overrul-ing his motion in arrest of the judgment.

(1.) The indictment substantially charges that the appellant, in Mason county, and before the finding of the indictment, unlawfully and feloniously, and with the intent to defraud Ida Francis, falsely represented to her, that he was the agent of and authorized to collect moneys for the Haucke Motor Co., from which she and her minor son, Bascom Francis, had purchased a bi-cycle, and for which they owed a part of the purchase price; that unless she made an immediate payment upon the price of the bicycle to him, as agent aforesaid, that the company would take the bicycle from her and her son, and that by means of such false statements to her, he obtained from her the sum of $2.50; that appellant knew when he made the representations, that they were false and untrue; that he was not, in fact, the agent for the Haucke Motor Co., and was not authorized to col-

lect for it, and made the statements for the fraudulent purpose and intent of deceiving and defrauding Ida Francis; that she believed the false representations made by him to be true and was deceived and defrauded thereby and induced thereby to pay appellant the sum of $2.50, which she would not have done, but for the fact that she believed his representations to be true.

(a.) The first objection made to the indictment is, that it is defective, in that it does not describe with sufficient particularity the property alleged to have been obtained by the false pretenses. The property is thus described: "the sum of $2.50." To make an indictment for obtaining property by false pretenses sufficient, upon demurrer, it is necessary to describe the property obtained, with the same particularity and certainty, as is necessary to describe the property alleged to be stolen, in an indictment for larceny. It is likewise true, that the property alleged to have been obtained, in an indictment for obtaining property by false pretenses, must be such as is the subject of larceny. Section 137, Criminal Code, provides as follows:

"The words used in an indictment must be construed according to their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

When a dollar mark precedes a number stated in figures, it means that sum of money in dollars and cents, as indicated by the figures, and it means the kind of money, which is in use in the state of Kentucky. Indeed, we do not know of any other meaning which could be attributed to it or gotten out of it. Such meaning is the usual and only one for a dollar mark and figures following. Section 122, subsection 2, Criminal Code, provides that the indictment shall contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case." It is impossible to see how a person of common understanding would fail to understand, if it should be indicted for obtaining "the sum of $2.50," by false pretenses, that he was accused of obtaining two dollars and fifty cents

in lawful money of this country. By the terms of section 135, Criminal Code, when one is indicted for larceny of money, it is sufficient to charge the larceny of it, "without specifying the coin, number, denomination or kind thereof."

(b) Another objection urged against the indictment is, that it does not give the name of the person injured or defrauded. The indictment, however, specifically alleges that Ida Francis was the person upon whom the fraud alleged was perpetrated. It is, however, insisted that the indictment fails to charge that Ida Francis was the owner of the money, which was obtained from her by fraudulent pretenses, and for that reason, the indictment is insufficient. Truly, the indictment does not specifically charge, in words, that she was the owner of the money, but charges, that, by false pretenses, a fraud was consummated by obtaining from her the money. Section 128, Criminal Code, provides that, "if an offense involves the commission of or attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempted to be injured or the owner of the property taken or injured, or attempted to be injured, is not material." Under this section of the code, if an act is sufficiently identified by the indictment, that a party is put upon notice of the accusation against him in such manner as enables him to meet the accusation; and is sufficiently identified by the indictment so that a conviction upon such an indictment would be a bar to a prosecution for the same offense, whether the act affects one person or another, a mistake, as to the name of the party injured or from whom the property was taken, is immaterial. This section of the code has been construed by this court in the case of Hennessey v. Commonwealth, 88 Ky. 301; and McBride v. Commonwealth, 13 Bush. 337. It appears that in an indictment for obtaining money under false pretenses, by false representations made to the person, from whom the money was obtained, and the name of such person is given; it so identifies the act for which the party is indicted, that a second conviction could not be sustained for the same act, and it is certainly sufficient to put the party indicted upon notice of the act, which he is called upon by the indictment to answer. The indictment in

the instant case alleges specifically, that the false representations were made to Ida Francis and that by reason of her being deceived thereby, the money, alleged to have been obtained, was obtained from her, and the indictment further precludes the inference that it was the money of the appellant. Hence, it is immaterial whether Ida Francis was the owner of the money or some other person was the owner. A second conviction could in no event be sustained, if it was alleged in another indictment, that the money was owned by some person other than Ida Francis, when the proof of the accusation would show that it was the same offense of which the appellant is accused in the indictment in the instant case.

(2.) The indictment being sufficient, and stating a public offense within the jurisdiction of the court, the motion in arrest of judgment, after the verdict was properly overrlued. Word v. Commonwealth, 14 Bush. 233; Walston v. Commonwealth, 16 B. M. 15; Weatherford v. Commonwealth, 10 Bush. 196; Comely v. Commonwealth, 17 B. M. 320, Criminal Code, section 276.

(3.) There is no error observable in the instructions given, and the only fault found with them is that they follow the indictment.

(4.) The motion for a direct verdict of not guilty, at the close of the evidence for the. Commonwealth and at the close of all of the evidence, is based upon the contention, as we understand it, that there was a fatal variance between the allegations in the indictment and the proof offered in support of it, with relation to the person, whom it was alleged that appellant represented that he was the agent of and from whom the bicycle had been purchased, and who was threatening to take it, if immediate payment was not made. The indictment charges that the appellant represented to Ida Francis, that he was the agent of the Haucke Motor Co., and that same was the company from which the bicycle had been purchased, and to which all the purchase price, promised, had not yet been paid. The facts, as developed by the evidence, was that Bascom Francis, the minor son of Ida Francis, had purchased a bicycle from the Indian Motorcycle and Bicycle Co.; that Frank Haucke is a member of that company and the member of it with whom the transaction was had; there is no other company handling motorcycles and bicycles in the city of

Maysville, where the transaction transpired, with which any person named Haucke is associated; the appellant was acquainted with the fact that the Francis boy had obtained the bicycle from the Indian Motorcycle and Bicycle Co. and yet owed it the sum of twelve dollars upon the price of the bicycle, and had promised the boy, as rent for the use of his bicycle, to pay to that company eight dollars of the amount, which the boy owed upon the price of the wheel.   Frank Haucke testified that the Haucke Motor Co. is the Indian Motorcycle and Bicycle Co.   The appellant testified that Frank Haucke had told him that his company was going to take the wheel from the boy during the week, because of non-payment, and that he told Haucke, that he would pay eight dollars for the wheel.   Appellant, also testified that he had promised the boy to pay the eight dollars for the rent of the wheel to the Indian Motorcycle and Bicycle Co.   The appellant conceived the idea, as he says, of getting two dollars and fifty cents out of the mother of the boy, and hence, according to the testimony of Ida Francis, the appellant, whom she had never before seen, came to her house and inquired if it was her son who worked at the cotton factory, and when she gave an affirmative answer, the appellant then represented that he was the collecting agent for the Haucke Motor Co., and said: "We will give him just until to-night to pay two dollars and fifty cents on his wheel, or we will take it from him." She said, "Didn't he pay two dollars Saturday?" and appellant said, "No, he didn't." She gave him the $2.50, consisting of two one dollar bills and a silver half dollar, and he gave her a receipt for it.   Appellant did not pretend in his testimond to have any authority from any one to collect the money, but did not deny receiving it as the agent of the company, which the boy owed for the wheel, but claimed, that he had promised the boy to pay the eight dollars rent for the wheel to the Indian Motorcycle and Bicycle Co., as a payment of what the boy owed for the wheel and that he was attempting to raise four dollars more and then pay the entire balance of twelve dollars, which the boy owed on the wheel, and thought he would get two dollars and fifty cents of it from the mother, though, when arrested he claimed that the Francis boy owed him two dollars and fifty cents, and the only way he had to get it was to get it out of his mother.   He-

never paid anything to the company, as he had promised, and spent the two dollars and fifty cents which he had obtained from the boy's mother. While Ida Francis, in her cross-examination, is led to say that the bicycle company was the Indian Motorcycle and Bicycle Co., but she says that it was the company which her son owed for the bicycle, that appellant represented himself to be the collecting agent for. Hence, it does not appear that the appellant was, in any wise, misled by reason of the indictment alleging that it was the Haucke Motor Co. instead of the Indian Motorcycle and Bicycle Co.; that he fully understood what company it was that he was accused of falsely pretending to be the agent of, and Ida Francis testified that appellant called it the Haucke Motor Co. when demanding the money from her, and doubtless did so from the fact that Frank Haucke was a member of that partnership. It seems that not only the appellant, but Ida Francis, understood that it was the same company, and that both of them called it the Haucke Motor Co. While technically, there was a variance between the allegations of the indictment and the proof as to the name of the motorcycle and bicycle company, the court's action in overruling the motion for a direct verdict upon that ground was not prejudicial to the appellant. Upon a consideration of the whole case, it does not appear that the substantial rights of the appellant were in anywise prejudiced by the alleged error. Criminal Code, section 353.

The judgment is, therefore, affirmed.