## Lissenbee v. Commonwealth.

(Decided April 17, 1923.)

### Appeal from Harlan Circuit Court.

1. Robbery—Willfulness is Included in Charge Taking was Unlawful and Felonious.—An indictment for roberry, charging that the property was taken unlawfully and feloniously, is not objectionable for omitting the word "willfully," since the words "unlawfully and feloniously" clearly import a willful act.

2. Robbery—May be Committed by Putting in Fear Without Force or Violence.—Robbery may be committed by putting one in fear, without other force or violence.

3. Robbery—Variance in Name of Owner, Which Alone Identified Offense, is Material.—The minomer of the owner of the property taken in an indictment for robbery is material, where there was no particular description of the property taken, and no statement of any act or acts by which the particular transaction could be identified, except the name of the victim, so that the indictment would not be a bar to a subsequent prosecution for robbery of the victim, naming him correctly, and did not give defendant notice of the offense for which he was to be tried, and therefore variance between allegation and proof is not material, under Criminal Code of Practice, section 128.

4. Robbery—Misnomer of Owner can be Raised by Motion for Peremptory Instruction.—The objection that the evidence did not correspond to the indictment as to the owner of the property taken by robbery could not be raised until after the evidence for the Commonwealth had been introduced, so that a motion for peremptory instruction on that ground was proper.

5. Criminal Law—State Cannot Show Defendant's Character was Bad, Before he Put it in Issue.—Where accused had testified in his own behalf, but had not put his character in issue, it was incompetent for the Commonwealth to prove that defendant's character was bad.

J. B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

Opinion of the Court by Judge McCandless—Reversing.

Appellant was convicted on the charge of robbery, and judgment entered sentencing him to two years' confinement in the state penitentiary. On this appeal he claims (a) that the indictment was insufficient; (b) that there was a variance between the allegations of the indictment and the proof; (c) the court erred in the admission of incompetent evidence.

The part of the indictment to be considered reads as follows:

" . . . Accused Nobe Lissenbee and Bob Lisenbee of the crime of robbery committed in manner and form as follows, viz.: The said Nobe Lissenbee and Bob Lissenbee in the state and county aforesaid, and on the 29th day of August, 1922, and within twelve months before the finding of this indictment, did unlawfully and feloniously take a gold watch and $3.70 in United States money the property of Felix Turner from his person and against his will by putting him in fear of immediate injury to his person against the peace and dignity of the Commonwealth of Kentucky."

The criticism is that it lacks the words "wilfully" and that "the property was taken by force and violence." We think that the words unlawfully and feloniously clearly import a wilful act. It is well understood that robbery may be committed by putting one in fear without other force or evidence. Roberson's Criminal Law, section 291; Glass v. Commonwealth, 6 Bush 436.

The proof is to the effect that the property was taken from Felix Napier, and it is not shown that the names of Felix Napier and Felix Turner were used interchangeably or that either was a nickname or that the person alleged to have been robbed was ever called or known by the name of Felix Turner.

The Commonwealth insists that this variance is immaterial under the provisions of section 128 of the Criminal Code, which reads:

"If an offense involve the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or atempted to be in-

jured, or as to the owner of the property taken or injured or attempted to be injured is not material.

However, it will be observed that the indictment refers to the property taken as a gold watch and $3.70 in money, without a particular description of either. It contains no statement as to any act or acts by which the particular transaction could be identified sufficiently for this prosecution to be a bar to another indictment against him for robbing Felix Napier.

Likewise, in the absence of a description of the property taken or the particular acts constituting the offense, a misdescription of the name of the person injured does not put the defendant on notice of the offense for which he is being tried. McBride v. Commonwealth, 13 Bush 337; Hensley v. Commonwealth, 1 Bush 11.

The cases of McGarvey v. Commonwealth, 158 Ky. 570; Bibb v. Commonwealth, 33 Rep. 726; Sutton v. Commonwealth, 154 Ky. 799, in no way conflict with this view. In the first case the property taken was elaborately described; in the second the witness' name was B. E. Lester and it was given in the indictment as D. E. Lester; the third indictment charged the one injured as Stewart Robbins, his name being Stewart Roberts, and the court held in both of these cases that the names were *idem sonans* and the variance immaterial.

It is clear that in this respect the evidence did not correspond to the allegations of the indictment. This question could not be raised until after the evidence for the Commonwealth had been introduced, and we think the motion for peremptory instruction was properly offered at that time and should have been sustained.

In rebuttal certain witnesses were asked if they knew the character of the defendant—this without any qualification—and over his objection they were permitted to answer that they did and that his character was bad. This was error; he had not put his character in issue except in testifying as a witness, which permitted an inquiry as to his credibility only. The question should have been confined to his reputation for truth and veracity or to his general moral character.

Wherefore, judgment is reversed and cause remanded for proceedings consistent herewith.