## Tackett v. Commonwealth.

(Decided May 21, 1926.)

Appeal from Pike Circuit Court.

1. Indictment and Information—Indictment Charging Violation of Nearly Every Provision of Prohibition Act (Laws 1922, c. 33) is Demurrable, Unless Commonwealth Elects.—Court should have

sustained demurrer to indictment charging violation of nearly
every provision of Prohibition Act, or have required Common-
wealth to elect.

2.   Criminal Law—Trial Court's Failure upon Remand for New Trial,
to Obey Requirement of Court of Appeals to Sustain Demurrer to
Indictment or Compel Commonwealth to Elect, Required Reversal.
—Where opinion of Court of Appeals, and its mandate issued pur-
suant thereto, directs trial court to sustain demurrer to indictment
charging several offenses, or require Commonwealth to elect, it is
court's duty, upon new trial, to obey mandate without suggestion
from accused; filing demurrer again being unnecessary.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Dock Tackett, was the second time
convicted in the court below for a violation of the liquor
prohibition act, and his punishment fixed at a fine of
$300.00 and confinement of 60 days in jail. This is the
second appeal prosecuted by him in the case, and as the
only material error assigned by him for the reversal
asked of the judgmnt is the same for which we were com-
pelled to reverse the case on the first appeal, we here
insert the entire brief opinion, rendered on the first ap-
peal, Tackett v. Commonwealth, 204 Ky. 574, because of
its containing the reasons supporting the conclusion at
which we have been compelled to arrive on the present
appeal:

"Appellant was convicted under an indictment
charging the violation of nearly every provision of
the prohibition act. The court should have sus-
tained his demurrer to the indictment, or have re-
quired the Commonwealth to elect. Neither was
done, and the error compels a reversal of the
judgment. Caudill v. Comlth., 202 Ky. 730. Judg-
ment reversed and cause remanded for a new trial
consistent with this opinion."

Notwithstanding the direction contained in the
opinion, *supra,* and also in the mandate of this court,
issued in pursuance thereof, requiring the circuit court
to sustain the appellant's demurrer to the indictment,
or compel the Commonwealth's attorney to elect for
which of the numerous offenses improperly joined in the

indictment he would try him, that court did neither of these things, but instead subjected him to a second trial under the same fatally defective indictment. It was unnecessary that a demurrer be again filed to the indictment.

It was the duty of the trial court upon subjecting the appellant to another trial to obey, without suggestion from him, the requirement contained in the opinion and mandate of the appellate court, and this it admittedly did not do. And as its failure to sustain the demurrer to the indictment was one of the grounds urged for a new trial, and the verdict returned by the jury merely pronounced the appellant guilty, without naming the offense of which he was guilty, it cannot be told from anything appearing in the record of which of the many offenses charged in the indictment he was convicted.

As, because of the error referred to, the judgment must be reversed, it is deemed unnecessary to consider other grounds urged for its reversal. Wherefore, the judgment is reversed.