## Harr et al. v. Commonwealth.

(Decided Oct. 14, 1932.)

A. C. JARVIS for appellants.

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellants, Cletius Harr and L. S. Ensley, were jointly indicted and charged with a criminal conspiracy as defined by section 1241a-1 of the Statutes. The accusatory part of the indictment reads:

> "The Grand Jury of Lewis County, in the name and by the authority of the Commonwealth of Kentucky, accuse Cletius Harr and L. S. Ensley of the crime of unlawfully, willfully and feloniously confederating and banding themselves together for the purpose of doing a felonious act."

In the descriptive part of the indictment, it is alleged that, pursuant to the conspiracy, they stole and carried away chickens of the value of $13, the property of Johnny Thomas, and that on another occasion they stole and carried away chickens of the value of $37.50, the property of Nellie Bierly. On their trial they were convicted, and each was sentenced to confinement in the penitentiary for two years.

A reversal of the judgment is sought on a number of grounds. It is first insisted that the trial court erred in overruling the demurrer to the indictment, because (1) it failed in its accusatory part to name or

describe the felonious act which the accused conspired to commit; and (2) it is duplicitous.

The first objection to the indictment cannot be sustained. The accusatory part is in the language of the statute, which prescribes a penalty for confederating and banding together for the purpose of doing a felonious act, and, when read in connection with the descriptive part, which gives the details of the crime committed pursuant to the conspiracy, complied with the requirement of section 124 of the Criminal Code of Practice that the indictment must be direct and certain as regards the offense charged. Deaton and Boggs v. Commonwealth, 220 Ky. 343, 295 S. W. 167; Eubank v. Commonwealth, 210 Ky. 150, 275 S. W. 630; Asher v. Commonwealth, 211 Ky. 524, 277 S. W. 842; Grise v. Commonwealth, 245 Ky. 220, 52 S. W. (2d) —, decided October 7, 1932.

The second objection is more serious. In the descriptive part of the indictment, two separate and distinct offenses are described. The accused are charged with stealing chickens, the property of Johnny Thomas and Mrs. Nellie Bierly. The chickens of Mrs. Bierly were stolen on the night of November 2, 1931, and those of Thomas were stolen on the night of December 7, 1931, more than a month in time elapsing between the two offenses.

In Asher v. Commonwealth, supra, three persons were indicted for confederating and banding together to do a felonious act. In the descriptive part of the indictment they were charged with a conspiracy to disturb, alarm, and intimidate three named persons, and that, while such conspiracy existed, they went forth armed, and did disturb, alarm, and intimidate the persons named by striking them with an iron rod, a deadly weapon. It was held that the indictment charged and described only a single offense, but in that case, while three persons were attacked and intimidated, all of the acts happened on the same day within a short space of time and in immediate sequence. The acts constituted one continuous transaction, and arose out of one conspiracy. Here the offenses, while of a similar nature, occurred at different places and more than a month apart. It would be going far afield to say under such circumstances that facts tending to show crimes committed at different times and places should be ad-

mitted as substantive evidence of a single conspiracy. The recently decided case of Acree v. Commonwealth, 243 Ky. 216, 47 S. W. (2d) 1051, is directly in point and controlling here.

In the Acree Case, Acree and three others were indicted for the crime of entering into a conspiracy to break and enter the storehouse of Will Brown. On the trial, the court permitted the commonwealth to introduce proof that the accused broke and entered the Brown store on two occasions and also the store of one Keeling. It was held that the court should have required the commonwealth to elect to prosecute for the first or second breaking into Brown's store and then confine the admission of evidence as to the other breaking and entering of the store under the rule that it might be considered, not as substantive evidence, but only to show the accused's identity with or motive or knowledge of the crime for which he was being tried, and that the jury should be so admonished. This case cannot be distinguished from the Acree Case and the demurrer should have been sustained upon the failure of the commonwealth to elect as to which offense it would rely upon for conviction. Tackett v. Commonwealth, 214 Ky. 680, 283 S. W. 1002.

The instructions authorized the jury to find the defendants guilty if they believed that the defendants stole either the chickens of Mrs. Nellie Bierly or those of Johnny Thomas or Clara Thomas. Upon another trial, the instructions will be drawn so as to conform to this opinion.

It is contended that the evidence was not sufficient to take the case to the jury and that the defendants' motion for a peremptory instruction should have been sustained, and also that the verdict is flagrantly against the evidence, but neither of these contentions is meritorious. There was more evidence pointing to appellants' participation in the second offense than in the first one, but there was ample evidence in each instance to warrant the jury in finding them guilty.

On the night the chickens of Thomas were stolen, an automobile truck, concededly owned by Ensley, was parked for two or three hours within a few hundred feet of the Thomas property and the outbuilding from which the chickens were stolen. One witness saw two

men leave the truck and go in the direction of the outbuilding, and he identified the appellants as the men he saw on that occasion. They were seen in the truck in that vicinity by a number of witnesses earlier in the evening. They then had at least six chicken coops in the truck. When they were arrested about midnight near the Thomas home, there were two coops in the truck. On the next day several chicken coops, similar to the ones found in the truck when appellants were arrested, were found concealed in the weeds near the spot where the truck had been parked, and in them were chickens and other fowls which had been stolen from Clara Thomas and two of her neighbors.

Johnny Thomas testified that, while the chickens stolen on the night of December 7 were on his premises, he had no interest in them, but that they were the property of his wife, Clara Thomas. The indictment charged that the chickens stolen were owned by Johnny Thomas. It is suggested that there was a fatal variance between the charge in the indictment and the evidence but a variance is not material unless it misleads the accused in making his defense or may expose him to the danger of being again put in jeopardy for the same offense. Lowery v. Commonwealth, 191 Ky. 657, 231 S. W. 234.

Here the offense is described in other respects with sufficient certainty to identify the act and the erroneous allegation as to the owner of the property taken is not material. Section 128, Criminal Code of Practice; Commonwealth v. Napier, 84 S. W. 536, 27 Ky. Law Rep. 131; Overstreet v. Commonwealth, 147 Ky. 471, 144 S. W. 751.

For the reasons indicated, the judgment is reversed, with directions to grant appellants a new trial and for further proceedings consistent herewith.