## Thomas et al. v. Commonwealth.

(Decided June 4, 1935.)

W. H. HESTER for appellants.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Coy Thomas, Sanford Thomas, and Curt Thomas appeal from a judgment convicting them of chicken stealing and fixing the punishment of each at one year's imprisonment.

The facts are: On March 4, 1934, Mr. and Mrs. W. L. McBee, who live in Graves county, left home for a short visit. Before leaving, Mr. McBee arranged with Sanford Thomas to milk and feed during his absence. The McBees, who owned 114 hens and 5 roosters, returned on March 6th, and discovered that 18 of their

chickens were missing. An investigation led to the discovery that Charley Foy, who operated a general store about a mile from the McBee residence, had recently purchased a quantity of chickens from Sanford Thomas, Coy Thomas, and Curt Thomas. Going to the Foy store, Mr. and Mrs. McBee identified as their property 13 of the chickens which Foy had purchased from the Thomases. When carried to the McBee home, the chickens went to their usual roosting place. The chickens were all Dominickers, and the McBees were able to identify them by reason of the fact that they had feathers on their legs and feet, and neither Sanford Thomas nor any one else in that community had chickens of that kind. On the other hand, Sanford Thomas testified that he himself owned 34 chickens, all of which were Dominickers, except one yellow rooster. He determined to take off about a dozen chickens. While on his way to his father's to get the wagon, he met Coy and Curt, who agreed to help him carry the chickens. Thereupon they put 12 chickens in the three sacks and took them to the Foy store. There were several persons at the store on their arrival, and they made no effort to conceal the chickens. The chickens sold for $7.05. Coy and Curt Thomas testified to the same effect.

The argument that the Thomases would not have carried the chickens to the Foy store and have sold them in the presence of numerous persons, if they had stolen the chickens, was strongly pressed, but in view of the fact that the chickens were positively identified by the McBees, and of the further evidence that neither Sanford Thomas nor any one else in the community owned chickens of the same kind and appearance, it is at once apparent that the evidence was sufficient, not only to take the case to the jury, but to sustain the verdict.

Another contention is that on the question of ownership of the chickens there was a fatal variance between the indictment and the proof.

The indictment charged that the chickens were "the personal property of W. L. McBee." Mrs. McBee testified as follows:

"Q. Did you have any chickens stolen? A. Yes, sir, I did."

In answer to the question, "Tell the jury whether

these chickens you saw at Foy's store belong to you and your wife," Mr. McBee answered, "Yes sir." As the indictment charged that the chickens were the personal property of W. L. McBee, it is insisted that there was a fatal variance in that the proof disclosed that the chickens belonged either to Mrs. McBee or to her and her husband jointly. In addition to the quoted evidence of W. L. McBee, we find that in answer to the question, "You know they were your chickens?" he answered "Yes sir, I know they were my chickens." Not only is it the general rule that a variance is not material in a criminal case unless it misleads the accused in making his defense, or may expose him to the danger of being again put in jeopardy for the same offense, but our Criminal Code specifically provides that if an offense involve the taking of property, an erroneous allegation as to the owner of the property taken is not material, if the offense be described in other respects with sufficient certainty to identify the act. Criminal Code of Practice, sec. 128. In Mullins v. Commonwealth, 12 S. W. 137, 11 Ky. Law Rep. 345, we held that, where the indictment charged that the property taken was the property of Frank Elliott, proof that it belonged to Elliott and others was not a material variance. In the recent case of Cannon v. Commonwealth, 243 Ky. 302, 47 S. W. (2d) 1075, we ruled that a variance between an indictment for stealing two turkey hens belonging to a husband and wife, and proof of theft of one turkey hen and one gobbler owned by wife only, was not fatal. To the same effect is Harr v. Commonwealth, 245 Ky. 278, 53 S. W. (2d) 575. As McBee testified that the chickens belonged to him, it may be doubted if there was any variance at all, but, conceding that there was, the variance was not material, in view of the fact that the offense was described in other respects with sufficient certainty to identify the act, and the circumstances were such as not to mislead appellants in making their defense, or to expose them to the danger of being again put in jeopardy for the same offense.

Lastly, it is claimed that the court erred in rendering a joint judgment against appellant. There is no merit in the contention. While the judgment is in one order, it does not contemplate that any one of the accused shall serve the sentence of the others. It clearly directs that they be taken by the sheriff to the peni-

tentiary at Eddyville and there confined at hard labor for the period of one' year each.

Judgment affirmed.