# Rogers v. Commonwealth.

(Decided Nov. 17, 1936.)

LOUIS I. IGLEHEART for appellant.

B. M. VINCENT, Attorney General, and GUY H. HERDMAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellant, Charles A. Rogers, seeks a reversal of his conviction of the crime of embezzlement on which he has been sentenced to the penitentiary for one year. Two similar judgments against him have heretofore been affirmed. Rogers v. Commonwealth, 264 Ky. 187, 94 S. W. (2d) 345; Rogers v. Commonwealth, 264 Ky. 220, 94 S. W. (2d) 661.

The charge upon which Rogers was tried in this case is that while he was acting as the city tax collector of Owensboro he embezzled $170.85, received by him in payment of taxes by the trustee in bankruptcy of Graf's,

Inc. In December, 1932, that corporation was owing taxes for the years 1931 and 1932. The check of the trustee for $381.70 was received by the defendant on January 31, 1933. Under the advice that the payments should be divided and applied in satisfaction of taxes for the two years, he duly entered $170.85 on the cash book and regularly accounted for it. The other half, representing delinquent taxes, was entered on the stub of the tax receipt book by an indorsement dictated or drawn by the city attorney. Apparently this was because the amount was less than the bill. The method of bookkeeping, according to the assistant tax collector, did not call for entering delinquent tax collections on the current cash book. They were accounted for in a different way. The check for $381.70 was included in the bank deposits of that day. The evidence makes it manifest, however, that the $170.85 collected on the 1931 tax bill was never charged by the defendant to himself anywhere, and was never included in any settlement. His practice seems to have been that which he followed in embezzling funds of the electric and waterworks department of the city, covered by the case reported in 264 Ky. 220, 94 S. W. (2d) 661. According to the records, the defendant habitually carried large sums of money on hand, and in this instance he took out cash to the amount of $170.85, thus the deposits in the bank equalled the amount shown on the cash book.

The defendant testified that the check was turned over to his assistant, who had charge of tax collections. She made all the entries pertaining to it. At the close of the day it was turned over to him with other collections, and he deposited the money to the credit of the city.

It is insisted that the testimony of the accountant not only fails to prove any embezzlement of this money, but shows some excess in deposits over receipts for the month of January, 1933. But the accountants explained the discrepancy by disclosing the large amount of checks and cash not deposited, the same being $41,910.59 at the end of January, 1933. The jury was fully justified in rejecting the defendant's attempted explanation and in accepting the evidence of the Commonwealth.

Other than the ground of a failure of proof of guilt, the appellant maintains that he was entitled to a peremptory instruction, because, in order to make out a

case, it was necessary for the Commonwealth to prove that the property of Graf's Inc., was located in the city of Owensboro, and had been assessed for taxation, and such proof was not made. He relies on Commonwealth v. Baske, 124 Ky. 468, 99 S. W. 316, 30 Ky. Law Rep. 400, 11 L. R. A. (N. S.) 1104; Commonwealth v. Alexander, 129 Ky. 429, 112 S. W. 586, 33 Ky. Law Rep. 971, and Mason v. Cook, 187 Ky. 260, 218 S. W. 740. In both of those Commonwealth cases a sheriff had collected money from taxpayers for which no assessment had been made. Because that money did not belong to the county or state but to the persons who had paid the sheriff, it was held that he could not be convicted of embezzling it from the state or county. The Mason Case involved claims of nonliability by sureties on a sheriff's bond. The opinion drew a distinction between it and the two Commonwealth cases, and held the sureties liable as the money collected had come into the sheriff's hands under color of his office. Likewise, in Fidelity & Deposit Co. v. Commonwealth, 249 Ky. 170, 60 S. W. (2d) 345, 346, the fact that franchise taxes had been paid to a sheriff before the assessment was completed did not relieve the sureties on his bond for his failure to account for the money, because, as said, "In no sense were the taxes so paid and collected illegal." In this case the proof showed a claim for the taxes had been filed with and allowed by the trustee in bankruptcy of the taxpayer, and paid in settlement of taxes which had been assessed. The defendant had not wrongfully collected money from a citizen which was not due the city. He was charged with embezzling money which came into his custody strictly in his capacity as the tax collector.

We do not find any merit in the plea of former jeopardy. In support of that plea, a copy of the record in the case affirmed in 264 Ky. 187, 94 S. W. (2d) 345, in which the defendant was convicted of embezzling $208.98, collected as taxes from George E. Brooks in February, 1933. The evidence in that trial covered the accounts of the defendant during the year in the manner and to the extent disclosed in the opinion. It included, in general, this item collected from Graf's, Inc. The same procedure was followed and evidence introduced on this trial. There is and can be no question that, as stated in Fred Rogers v. Commonwealth, 257 Ky. 495, 78 S. W. (2d) 340, 341, the Commonwealth "may not split up a set of facts and carve out of them

multiple offenses (statutory or otherwise) by founding or basing them on parts of an entire set of facts, and which parts are necessary ingredients and elements of the offense as embraced by the entire facts." But the conditions under which it was held the defendant had been twice tried for the same offense are quite different from those presented in this case. On his other trial, as stated in the opinion, the evidence covering his transactions during his term of office was competent as tending to prove intent and motive, to show a general course of conduct, and, as well, to prove that the defendant had not accounted for the taxes he was charged with misappropriating. The same evidence was introduced on this trial. Here the testimony was directed to proving specifically the misappropriation of the $170.85 item, while in the other case this item came in as collateral, or as supporting evidence. It may be said that the particularizing and emphasizing of the Brooks item on this trial was by counsel for the defendant in cross-examining the accountants for the purpose, apparently, of establishing contradictions by the witness.

The prohibition of the law is against second jeopardy for the same offense, i. e., for the identical act and crime. McIntyre v. Commonwealth, 154 Ky. 149, 156 S. W. 1058; Louisville & Nashville R. R. Co. v. Commonwealth, 154 Ky. 293, 157 S. W. 369; Commonwealth v. Spivey, 243 Ky. 483, 48 S. W. (2d) 1076. To say that the trial of a man for embezzlement of one certain collection barred prosecution for embezzling another separate and distinct collection would be the same as holding that a trial for stealing one horse would bar trying a man for stealing another horse at a different time, if, perchance, during the course of the first trial, it had been necessary to refer to the later theft in order to show motive or establish a plan or system of horse stealing.

The indictment charged the offense to have been committed "on the —— day of ——, 1932," and the instructions followed the allegation with the addition "and before the finding of the indictment." This is said to be error, since the evidence showed that the payment was received by the defendant on January 31, 1933, so he could not have been guilty of misappropriating it in the year 1932. The instructions specifically identified the item charged with having been embezzled. The offense being a felony, time was not of the essence.

It was immaterial so long as the act was shown to have been committed before the finding of the indictment. The instruction was not erroneous.

Judgment affirmed.