## Williams v. Commonwealth.

November 10, 1950.

Edward P. Hill, Judge.

Robert S. Wellman and Hayes & Wellman for appellant.

A. E. Funk, Attorney General and W. Owen Keller, Assistant Attorney General for appellee.

JUDGE REES—Reversing.

John Williams was convicted of the crime of grand larceny, and his punishment fixed by the jury at confinement in the state reformatory for a term of two years. The court overruled the defendant's motion for a new trial, but later entered a judgment reducing the sentence to one year in the state reformatory. Grounds urged for reversal of the judgment are: (1) Variance between the proof and the indictment; (2) failure of the trial court to give an instruction on petit larceny; and (3) insufficiency of the evidence.

The indictment charged that the accused in Floyd County on the 4th day of January, 1950, and before the finding of the indictment, did "unlawfully and feloniously take, steal and carry away one overcoat, two pairs of shoes and two pairs of pants of the value of more than twenty dollars, the personal property of Inland Steel Company with the felonious and fraudulent intent then and there to convert the same to his own use, and to permanently deprive the said Inland Steel Company of its property therein." The evidence appears in the bill of exceptions in narrative form.

John W. Rupe, manager of the department store at Wheelwright, Kentucky, owned by the Inland Steel Company, testified that he first learned that articles were missing from the store when two pairs of pants were returned to him one evening in December, 1949, by either John Williams or one Robert Moseby; that thereafter he received information that a pair of shoes belonging to the store was at the home of Robert Moseby; and that he sent J. D. Lewis, janitor at the store, to the Moseby home, and that Lewis returned to the store with one pair of shoes which sold for $19.95. He further stated that Williams was in and around the store at or about the time the pants were returned. J. D. Lewis testified that he went to the home of Robert Moseby and obtained a pair of shoes which he gave to

Mr. Rupe at the store. Sam Wallen, an employee of the store, testified that a coat which he had left in the store disappeared one evening around Christmas time, and that it was returned to him later by his brother, Richard Wallen. He said the coat belonged to him and not to the Inland Steel Company. Richard Wallen testified that John Williams offered to sell him a brown overcoat some time in December, 1949, and that he gave Williams $6 for the coat which he later gave to his brother, Sam Wallen, upon learning that the latter was the owner. This was all the evidence introduced by the Commonwealth.

The court instructed on grand larceny only, and told the jury to find the defendant guilty if they believed beyond a reasonable doubt that he took, stole and carried away "two pair pants, one pair shoes, and an overcoat, of the value of $20 or more, the personal property of Inland Steel Company, with the felonious and fraudulent intent then and there to convert the same to his own use, and to deprive permanently the said Inland Steel Company, of its property therein, without the consent of the said Inland Steel Company." It was error to include the overcoat among the articles described, since the evidence disclosed that it belonged to Sam Wallen and not to the Inland Steel Company. There was a fatal variance in this respect between the evidence and the allegations of the indictment. Lissenbee v. Commonwealth, 198 Ky. 639, 249 S.W. 782. With the evidence concerning the overcoat eliminated, the remaining evidence was insufficient to connect appellant with the theft of the one pair of shoes and the two pairs of pants. There is no evidence that the overcoat and the other articles were stolen at the same time or on the same day, and the only evidence concerning appellant's connection with the theft of the other articles is that he was in or around the store at or about the time the stolen pants were returned.

The defendant's motion for a directed verdict of acquittal should have been sustained. If another trial is had and the evidence is sufficient to take the case to the jury on the question of appellant's guilt, an instruction on petit larceny should be given if the evidence as to value is substantially the same. Lovan v. Commonwealth, 261 Ky. 199, 87 S.W.2d 381; Taylor v. Commonwealth, 240 Ky. 286, 42 S.W.2d 309.

The Attorney General frankly concedes that the judgment must be reversed.

The judgment is reversed for further proceedings not inconsistent herewith.