Forrest STURGILL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 21, 1956.

Robert S. Wellman, Prestonsburg, for appellant.

Jo M. Ferguson, Atty. Gen., Albert G. Rhea, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Forrest Sturgill was jointly indicted with two others for the offense of grand larceny. Upon a separate trial, he was convicted and sentenced to one year's confinement in the state reformatory.

Appellant assigns as error a variance between the indictment and proof and between the proof and instructions. He contends that the variance constitutes reversible error.

The indictment charged that the property stolen was owned by one George Evans. The proof was that the wire stolen was owned by the Glo Valley Coal Corporation, of which George Evans was the principal stockholder. The phrase "George Evans operations" was shown to have been used in referring to the activities of the Glo Valley Coal Corporation and other enterprises in which Evans was interested. The jury was instructed to find appellant guilty if they believed the property of George Evans was taken.

In Lissenbee v. Commonwealth, 198 Ky. 639, 249 S.W. 782, the indictment charged that Felix Turner's watch and money were stolen. It was held to be a fatal variance when the proof showed Felix Napier to be the owner. In Williams v. Commonwealth, 314 Ky. 33, 234 S.W.2d 148, the indictment charged the theft of one overcoat and other articles as the property of Inland Steel Company. The proof showed the overcoat to be owned by Sam Wallin. On the basis of the Lissenbee case, the variance was held to be fatal.

In Criminal Code of Practice, § 128, it is provided that an erroneous allegation in the indictment as to the owner of property taken is not material if the taking of the property be described with sufficient certainty to identify the act. In the present case, the property and owner were described as copper wire owned by George Evans. This was not such a particular description as to identify the act with sufficient certainty to make this prosecution a bar to another indictment against appellant by the Glo Valley Coal Corporation or to put him on notice of the offense for which he was to be tried.

Appellant's motion for a peremptory instruction made at the close of the Commonwealth's testimony should have been sustained.

Judgment is reversed for further proceedings consistent herewith.