**Frank BRASWELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1960.

**638**

W. Gordon Iler, Owensboro, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Frank Braswell appeals from a judgment of conviction of obtaining money under false pretenses. KRS 434.050. He was sentenced to confinement in the penitentiary for four years. Several grounds are urged for reversal.

Appellant contends that there is a fatal variance between the indictment and the proof in the case. The indictment charged that appellant defrauded "Mrs. Flora Alvey" of "$80.00 in lawful money of the United States." The instructions followed the language of the indictment. The proof showed that appellant called on R. A. Alvey and secured his application for insurance.

It was charged that appellant falsely represented to Mrs. Alvey that he was an agent of the Wabash Life Insurance Company of Indianapolis, Indiana. Appellant had talked with Mr. Alvey on the porch at his home. Mrs. Alvey had overheard the conversation from inside the house. The application was made in the name of Richard Alvey and was signed by R. A. Alvey, whose first name is Richard. The application was for insurance on the lives of both Richard and Flora. Appellant, in the presence of Mrs.

Alvey, received from R. A. Alvey a check in the sum of $80 in payment of the initial premium. The check was drawn on a personalized check form bearing the name and address of R. A. Alvey. A receipt was executed to "Mr. and Mrs. Richard Alvey." The application, check, and receipt were dated September 21, 1959, the date of the transaction. Appellant collected the money on the check at the grocery where the Alveys traded.

Generally, a variance between the indictment and the proof is not regarded as material unless it misleads the accused in making his defense or exposes him to danger of a second conviction of the same offense. Lowery v. Commonwealth, 191 Ky. 657, 231 S.W. 234; Miller v. Commonwealth, 234 Ky. 224, 27 S.W.2d 957; Harr v. Commonwealth, 245 Ky. 278, 53 S.W.2d 575, and Thomas v. Commonwealth, 259 Ky. 786, 83 S.W.2d 460. Appellant does not contend that he was misled by the indictment in making his defense; therefore, the question is whether the variance is so material as to expose him to danger of a second conviction of the same offense.

The immunity sought to be invoked is a constitutional one against putting an accused in jeopardy twice for the same offense. Kentucky Constitution, § 13. The "same offense" within the constitutional meaning does not signify the same offense by name or designation but has been defined as the same criminal act or omission. Arnett v. Commonwealth, 270 Ky. 335, 109 S.W.2d 795. This is the test on a plea of former jeopardy. Rogers v. Commonwealth, 266 Ky. 220, 98 S.W.2d 496. Cf. Miller v. Commonwealth, 242 Ky. 122, 45 S.W.2d 853. To sustain a plea of former jeopardy, the burden is upon the accused to show that the charge previously tried is the same charge, or some degree of it, now being tried, the evidence heard on the former trial was substantially the same, and the same criminal act was involved upon each trial. Wingfield v. Commonwealth, 197 Ky. 331, 246 S.W. 822; Middleton v. Commonwealth,

198 Ky. 626, 249 S.W. 775. The scrutiny of the Court on a plea of former jeopardy is directed at the determination of the same question as on a plea of fatal variance. The only difference is the point from which it is viewed; one, after the second trial; the other, immediately after the first trial and before the second.

It is provided in Criminal Code of Practice, § 128:

"If an offense involve the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempted to be injured, or as to the owner of the property taken or injured or attempted to be injured, is not material."

The variances claimed to be material here concern the identity of the person from whom the property was obtained and the form of the property.

■ Under an indictment for the same offense charged here, it was held to be an immaterial variance that the money obtained belonged to a different person than alleged in the indictment. Hennessy v. Commonwealth, 88 Ky. 301, 11 S.W. 13, 10 Ky. Law Rep. 823. An erroneous allegation as to the person injured or as to the owner of the property taken has been held not to be a fatal variance. Hayes v. Commonwealth, 173 Ky. 188, 190 S.W. 700. See also Thomas v. Commonwealth, 259 Ky. 786, 83 S.W.2d 460. The misdescription of an auto was held not to be a fatal variance where the proof showed that the auto found in the accused's possession was the one stolen. Hamm v. Commonwealth, 270 Ky. 574, 110 S.W.2d 305. Under these cases, the variance between the charge that Mrs. Alvey was defrauded of "$80.00 in lawful money of the United States" and the proof that Mr. Alvey parted with an $80 check is immaterial if the identity of the criminal

act is sufficient. Cannon v. Commonwealth, 243 Ky. 302, 47 S.W.2d 1075.

Should the appellant be indicted on a subsequent charge that he defrauded R. A. Alvey by making the same misrepresentation charged to have been made here and thereby received a check in the sum of $80, the proof on this case when taken with the present indictment and instructions would establish beyond a doubt that one and the same criminal act is involved. In either case, the proof would show the same application, check, and receipt made to Mr. and Mrs. Richard Alvey, all bearing the same date. When these matters are considered together with the close identity of Mr. and Mrs. Alvey as husband and wife, the same criminal act would be conclusively shown; hence, there is no material variance.

The cases of Sturgill v. Commonwealth, Ky., 293 S.W.2d 730, Williams v. Commonwealth, 314 Ky. 33, 234 S.W.2d 148, and Hensley v. Commonwealth, 1 Bush 11, 64 Ky. 11, 89 Am.Dec. 604, relied on by appellant are distinguishable from the present case on the bases pointed out in Lissenbee v. Commonwealth, 198 Ky. 639, 249 S.W. 782.

■ Appellant also complains that there was a failure to show that he was not an agent of the insurance company or that he knew that he had been released as such. The general agent of the company testified that he discharged appellant as an agent prior to the commission of the offense and notified him of such action by a letter delivered to his place of residence. Appellant wrote the Alvey check payable to himself instead of to the insurance company, cashed it immediately, and failed to forward the application. This evidence was sufficient on which to base an inference by the jury that appellant knew that he had been discharged despite his statement that he had not received the letter.

■ Several contentions are made on behalf of appellant to show that he did not receive a fair trial, but none of them is con-

sidered as reversible error. There is no merit to the contention that the Commonwealth received preferential treatment in the matter of continuances. No abuse of the trial court's discretion is shown. Complaint as to various alleged unwarranted and prejudicial remarks of the Commonwealth's attorney is not sustainable since either no timely objection was made or appellant introduced the matter upon which the remarks were based. Objection was sustained as to the question of the Commonwealth's attorney about other charges, no answer was made, and a proper admonition was given. The contention concerning the recognition of witnesses in other charges is meritless. Saltsman v. Commonwealth, 263 Ky. 400, 92 S.W.2d 378. The conduct of the Commonwealth's attorney in interviewing witnesses is not shown by the record and that complaint has no merit.

Judgment affirmed.