## Taulbee v. Commonwealth.

April 22, 1947.

Wm. J. Baxter, Judge.

Redwine & Redwine for appellant.

Eldon S. Dummit, Attorney General, and Richard L. Drye, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Affirming.

Millard Taulbee was indicted for grand larceny, and upon his trial was convicted and his punishment fixed at confinement in the penitentiary for a term of two years. He argues on this appeal that he was entitled to a directed verdict of acquittal because there was a fatal variance between the charge in the indictment and the proof. The indictment charged that the accused "did unlawfully, wilfully, and feloniously commit the crime of Grand Larceny by taking, stealing and driving away the motor vehicle or car of Elmer Barker, without the knowledge, consent or permission of said Barker, with the felonious intent to permanently convert said motor vehicle to his own use and to permanently deprive said Barker of his property therein."

The proof shows that some time in April, 1946, Elmer Barker parked the automobile he was driving in an alley behind the Firestone Store, which fronts on Main

Street in Winchester, Kentucky. He went into a neighboring store on business, and a few minutes later saw his automobile being driven up the alley. He ran out and overtook the car at the intersection of Main and Washington Streets. The driver had stopped for the traffic light, and had extended his left arm as if intending to make a left turn. Appellant was in the driver's seat. Barker reached into the car, turned off the ignition, and then pulled appellant out of the car and turned him over to a policeman. Barker testified on direct examination that the automobile belonged to him, and that he had purchased it in 1941. On cross-examination he testified that the automobile belonged to his employer, the firm of Lyons & Carnahan of Chicago, Illinois, but was licensed in his name in Clark county, Kentucky, and was in his custody and control.

In support of his argument that the variance between the allegation in the indictment and the proof as to the ownership of the automobile was fatal, appellant cites and relies upon Lissenbee v. Commonwealth, 198 Ky. 639, 249 S. W. 782. In that case Lissenbee was convicted on the charge of robbery. The indictment alleged the property was taken from the person of Felix Turner, while the proof was to the effect that it was taken from Felix Napier. It was held that the indictment contained no statement as to any act or acts by which the particular transaction could be identified sufficiently for the prosecution to be a bar to another indictment against Lissenbee for robbing Felix Napier. In the present case the property taken was an automobile. It was alleged in the indictment that it was owned by Elmer Barker and was taken without his knowledge or consent. It developed that the firm of Lyons & Carnahan had paid for the automobile and had turned it over to Elmer Barker, its agent and representative, for his use in his employer's business. It was licensed in Barker's name, and was in his custody and control when it was taken. Section 128 of the Criminal Code of Practice was intended to cover such a situation. That section reads: "If an offense involve the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempt-

ed to be injured, or as to the owner of the property taken or injured or attempted to be injured, is not material."

In Short v. Commonwealth, 291 Ky. 604, 165 S. W. 2d 177, 179, the following from Commonwealth v. Napier, 84 S. W. 536, 27 Ky. Law Rep. 131, was quoted with approval: " 'Section 128, Criminal Code, was intended to modify the rigorous requirements of the common law as to the description of the person or property injured. When the act can be identified, there is no danger of a defendant being put in jeopardy twice for the same offense.' "

Appellant was indicted for taking a particular automobile at a particular time and place. The variance as to ownership was not material in view of the fact that the offense was described in other respects with sufficient certainty to identify the act, and the circumstances were such as not to mislead appellant in making his defense or to expose him to the danger of being again put in jeopardy for the same offense.

Appellant also complains because the indictment charged him with the offense of grand larceny, while the court instructed only on the offense of unlawfully taking, driving or operating a vehicle without the knowledge and consent of the owner. It is insisted that the instruction is erroneous in that it did not require the jury to believe that the appellant took the automobile with the felonious intent to convert it to his own use and to deprive permanently the owner of his property therein. It is also insisted that appellant was entitled to an instruction on drunkenness as bearing on the question of felonious intent since there was conflicting evidence as to his intoxication at the time of the offense. The accusatory part of the indictment charged appellant with grand larceny "by taking, stealing and driving away the motor vehicle of another." The indictment set out all the essential elements of the crime of grand larceny except the value of the property. Section 433.-220 of the Kentucky Revised Statutes reads: "Any person guilty of larceny of money or other property of the value of twenty dollars or more shall be confined in the penitentiary for not less than one nor more than five years. Any person who unlawfully takes, drives or op-

554

erates a vehicle without the knowledge and consent of the owner shall be subject to the same punishment.''

The crime defined in the second sentence of this section of the Statutes is a statutory form of larceny. Felonious intent is not made a necessary element of the crime. Section 262 of the Criminal Code of Practice provides that upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment and may be found guilty of any offense included in that charged in the indictment. Section 263 of the Criminal Code of Practice provides that all offenses of larceny shall be deemed degrees of the same offense in the meaning of section 262. The offense of taking, driving or operating a vehicle without the knowledge or consent of the owner was included in the offense charged in the indictment, and the instruction given by the court was proper and correct.

Judgment is affirmed.