**Leroy MURPHY, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 20, 1955.

W. A. Johnson, Paintsville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

Appellant, Leroy Murphy, Jr., and his brother, Adam Murphy, were indicted jointly in the Johnson Circuit Court for operating a motor vehicle without consent of the owner, KRS 433.220. The statute provides that "any person who unlawfully takes, drives or operates a vehicle without the knowledge and consent of the owner" shall be confined in the penitentiary for not less than one nor more than five years. At a separate trial appellant was convicted and sentenced to two years in the penitentiary.

The evidence reveals that on Saturday evening, December 12, 1953, at about 9 o'clock, appellant and his brother, Adam, left their home to go to the Recreation Hall in Van Lear. Elzie Wells, who picked up appellant and his brother in his truck, testified that appellant was in such a drunken condition that he had to be aided and assisted by his brother. Arriving at the Hall, Adam and Wells left appellant in the truck and went inside. Shortly thereafter, the Chief of Police of Van Lear, Gilbert Young, and his deputy, Jim Ratliff, arrested the prosecuting witness, Holly Tucker, at the Hall for being drunk and took him to jail. While the policemen were gone, several people, including Wells, Adam, and a friend, Andy Webb, were standing on the porch of the Recreation Hall when they saw appellant crawling up the steps. Fearing the officers would return and arrest appellant, Adam and his friend, Andy Webb, hid him by lifting him onto the rear seat of a Ford station wagon parked in front of the Hall. The vehicle belonged to the prosecuting witness, Holly Tucker, whom the police had arrested. He had parked the station wagon there earlier and left the key in the ignition. Webb and Adam got into the front seat, with Webb as the driver, and drove away with appellant ensconced in the back seat. Early the next morning the station wagon was found overturned in a ditch alongside Highway 460 between Paintsville and Salyersville, about 12 miles from Van Lear. As a result of the accident, Andy Webb was killed and Adam Murphy and the appellant were seriously injured.

The evidence is overwhelming that appellant was "crawling", "limber" drunk when he was put in the back of the station wagon by his brother and Andy Webb.

He was "poured" into the car. The testimony of two police officers to the effect that they "thought" they recognized appellant and that he was driving the station wagon carries little weight. The station wagon approached their parked patrol car at night with lights on and passed at a speed of between 15 and 30 miles per hour. Moreover, visibility was poor that night because of fog. The evidence preponderantly discloses that at the time the police officers "thought" they saw appellant driving, he was "passed out" in the back of the station wagon; part of him was "up on the seat and part of him was on the floor."

The jury found appellant guilty of "aiding, abetting, assisting or encouraging * * * Andy Webb (the driver who was killed when the station wagon was wrecked) or Adam Murphy in the unlawful and felonious taking, driving or operating" of the motor vehicle belonging to Holly Tucker "without consent of the owner" under Instruction No. 2 given by the trial court. It failed to find that appellant "did unlawfully and feloniously take, drive and operate" Holly Tucker's station wagon on the occasion it was wrecked, as alleged in the indictment and as covered by Instruction No. 1.

The appellant urges two grounds for reversal: (1) The verdict is not sustained by the evidence, and (2) the court failed to instruct the jury on the whole law of the case.

█ With respect to ground (1) above, the appellant directs our attention to the trial court's Instruction No. 2 under which he was convicted for aiding and abetting, and argues—(a) that the instruction itself was not authorized by the evidence; and (b) that the verdict was flagrantly against the evidence. Under the facts of this case, we find it unnecessary to discuss these contentions. The evidence of the prosecution to the effect that appellant drove this station wagon or aided in any way in taking it was so meager and so completely re-

butted by appellant's witnesses that we think appellant was entitled to a directed verdict at the close of all the testimony. The evidence clearly establishes that at the time the automobile was taken the appellant was drunk to the point of being "physically incapable" of committing or participating in the crime charged in the indictment.

Under ground (2), the appellant argues that the trial court failed to instruct on the whole law of the case. His specific contention is that he was entitled to an instruction on his defense that he was too drunk to have the intent to commit the crime with which he is charged. There is no merit in this contention, but we will discuss the point for the purpose of clarifying the law.

It is true that KRS 433.220, under which appellant was indicted, bears the title "Grand larceny; taking of vehicle without consent of owner. The statute reads:

"Any person guilty of larceny of money or other property of the value of twenty dollars or more shall be confined in the penitentiary for not less than one nor more than five years. Any person who unlawfully takes, drives or operates a vehicle without the knowledge and consent of the owner shall be subject to the same punishment."

█ This court has held that the crime defined in the second sentence of KRS 433.220 is a statutory form of larceny, and that felonious intent is not made a necessary element of the crime. Taulbee v. Com., 304 Ky. 551, at page 554, 201 S.W.2d 723. Since intent is not a necessary element of the crime charged in the indictment in this case, the failure to give an instruction on drunkenness (as it affects intent) was not prejudicial error.

The instructions of the trial court were in essence as follows: If the jury believe from the evidence to the exclusion of a reasonable doubt * * * that appellant

did unlawfully and *feloniously* (1) take, drive, and operate, or (2) aid and abet others to take, drive and operate the vehicle of another you will find him guilty. Since felonious intent is not a necessary element of the crime with which appellant was charged, it would seem that the use of the word "felonious" in the instructions of the trial court was a favorable error.

Even though we feel the appellant, on the facts of this particular case, was entitled to a directed verdict, we have indulged in a discussion of the nature of the crime with which he is charged and jury instructions relative to it for the use and benefit of the trial court when it tries the person who was jointly indicted with appellant and charged with the same crime.

Perhaps allusion should be made to KRS 431.160 which provides that accessories before the fact to any felony shall be liable to the same punishment as a principal, and may be prosecuted jointly with the principal or severally, though the principal is not taken and tried. This court, in construing this statute, has held in numerous cases that in a joint indictment for a felony either of the defendants may be convicted as a principal or as an aider or abettor, although neither was indicted (as in this case) as being an aider or abettor. Hogan v. Com., 230 Ky. 680, 20 S.W.2d 710; Gambrel v. Com., 283 Ky. 816, 143 S.W.2d 514, 516; Reed v. Com., 289 Ky. 173, 158 S.W.2d 380. In view of these cases, the question of whether an aiding and abetting instruction is authorized at the separate trial of a joint-indictee becomes purely a question of whether the instruction is authorized by the evidence. Such an instruction is definitely authorized by the indictment. The view we have taken of this case makes it unnecessary for us to determine whether Instruction No. 2 on aiding or abetting complained of by appellant was authorized by the evidence.

The judgment is reversed and the trial court is ordered to enter a directed verdict for the appellant if the evidence is the same on retrial.